James M. Altieri (JA 9733)
Stacey P. Rappaport (SR 4359)
DRINKER BIDDLE & REATH LLP
A Pennsylvania Limited Liability Partnership
500 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 360-1100
Attorneys for Defendant,
Walt Disney World Hospitality & Recreation Corporation

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIANNE BRIGANDO and PAMELA JOY BINDER,<br><br>    Plaintiff(s),<br><br>v.<br><br>WALT DISNEY WORLD CO., AND/OR WDW HOSPITALITY & RECREATION CORP. AND/OR ABC CORPORATION #1-10 AND/OR THEIR AGENTS, REPRESENTATIVES AND/OR EMPLOYEES, JOHN DOES #1-10,<br><br>    Defendant(s). | CIVIL ACTION NO.<br><br>HON.<br><br>**NOTICE OF REMOVAL** |

TO:   CHIEF JUDGE AND JUDGES OF THE
        UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF NEW JERSEY

ON NOTICE TO:

    Deputy Clerk, Superior Court of New Jersey
    Middlesex County Courthouse
    1 JFK Square
    P.O. Box 964
    New Brunswick, New Jersey 08903-0964

    Donald Phelan, Clerk
    Superior Court of New Jersey
    Hughes Justice Complex
    CN 971
    Trenton, New Jersey  08625

-2-

Adam L. Rothenberg, Esq.
Levinson Axelrod
2 Lincoln Highway
P.O. Box 2905
Edison, New Jersey 08818-2905

PLEASE TAKE NOTICE that defendant, Walt Disney World Hospitality & Recreation Corporation (improperly pleaded in the Complaint) ("HRC"), hereby removes this civil action pending in the Law Division of the Superior Court of New Jersey, Middlesex County, Docket No. MID-L-2604-05 (the "State Court Action") to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §1441 and §1446, as amended, and in accordance with 28 U.S.C. §1332, on the following grounds:

1.  Plaintiffs instituted the State Court Action by filing a Complaint in the Superior Court of New Jersey, Middlesex County on April 7, 2005. In the Complaint, plaintiff Marianne Brigando alleges personal injuries as a result of an incident that allegedly occurred at the Magic Kingdom Park in Florida on June 17, 2004. Plaintiff Pamela Joy Binder, Ms. Brigando's alleged life partner, seeks damages for loss of consortium. (Exhibit A). Plaintiffs served the Complaint upon HRC and defendant Walt Disney World Co. ("WDW") by regular mail pursuant to N.J.Ct.R. 4:4-4(c) on April 20, 2005. (Exhibit B).

2.  On June 24, 2005, WDW and HRC moved to dismiss the State Court Action for lack of personal jurisdiction against WDW and HRC, pursuant to N.J.Ct.R. 4:6-2(b), and for failure to state a claim against improper party defendant WDW, pursuant to N.J.Ct.R. 4:6-2(e). By Order dated September 22, 2005, the Honorable Bryan D. Garruto, J.S.C. dismissed plaintiffs' claims against WDW pursuant to N.J.Ct.R. 4:6-2(e), denied the balance of the motion without prejudice, and authorized a 90-day period of jurisdictional discovery. (Exhibit C). HRC filed its answer to plaintiffs' Complaint on November 23, 2005. (Exhibit D).

3. HRC is a Florida Corporation with its principal place of business in Florida. Upon information and belief, and as alleged in the Complaint, plaintiffs reside at 52L Franklin Greens South in Somerset, New Jersey. (Exhibit A).

4. Plaintiffs' Complaint contains vague boilerplate allegations of permanent injuries and the simple statement that Ms. Brigando "was caused to lose time from employment and will in the future be caused to lose time from employment." It does not contain any reference to the amount of damages allegedly sustained by plaintiffs, and does not indicate that plaintiffs' claimed damages exceed $75,000.00. (Exhibit A).

5. On February 3, 2006, plaintiffs served their answers to HRC's interrogatories upon HRC's counsel via regular mail. (Exhibit E). Plaintiffs' answers to interrogatories reveal, for the very first time, that their damages clearly exceed $75,000.00.

6. In her answers to interrogatories, plaintiff Marianne Brigando states that at the time she was allegedly injured her salary was approximately $70,000.00, and that she was out of work for approximately nine (9) months as a result of the alleged accident. Ms. Brigando's lost wage claim is therefore approximately $52,500.00.

7. Ms. Brigando also claims that she suffered a closed head and neck injury, superficial wound to the back of her head, concussion, brain trauma, injury to the cervical spine and weakness, radiating pain into her left hand, and that she was diagnosed with herniated discs in her neck. She allegedly continues to suffer from headaches, radiating pain, neck pain, weakness and impairment. She claims that she has been left with cognitive defects caused by the head injury, that she has had to undergo vocational rehabilitation and training and is still impaired, has required pain management along with multiple injections, and must take pain medication three times a day. She is presently under the care of two physicians, Joseph

Lombardi, M.D., an orthopedic physician, and Manoj Patharkar, M.D., a vocational specialist. She is presently discussing surgery with her orthopedic doctor. She sees Dr. Patharkar monthly and receives injections approximately every four months. She deems her injuries to be permanent in nature. (Exhibit E).

8.  Ms. Brigando attached to her answers to interrogatories medical bills for JFK Medical Center totaling $59,108.43 for services provided from June 18, 2004 through July 2, 2004. On March 6, 2006, plaintiffs amended their answers to interrogatories to include a lien letter that Ms. Brigando received from her health plan administrator. The lien is in the amount of $14,639.47 . (Exhibit F).

9.  Diversity jurisdiction exists in this matter pursuant to 28 U.S.C. §1332, which provides for original jurisdiction of all civil actions in the district court between citizens of different states where the amount in controversy exceeds the value of $75,000, exclusive of interest and costs.

10. Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district corresponding to the place where the State Court Action was pending. Removal of this case to the United States District Court for the District of New Jersey in no way constitutes a waiver by HRC of its right to transfer this case to the United States District Court for the District of Florida pursuant to 28 U.S.C. §1404.

11. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders are annexed hereto.

12. This Notice of Removal satisfies the requirements of §1446(b) because (i) HRC has filed this Notice of Removal within one year of the date the State Court Action was

commenced, and ii) within 30 days of receiving plaintiffs' answers to interrogatories, a document from which it may first be ascertained that the case is one which is removable.

13.     Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given simultaneously to plaintiffs' counsel, and a Notice of Filing of Notice of Removal is simultaneously being filed with the Middlesex County Superior Court of the State of New Jersey. (Exhibit G).

WHEREFORE, HRC prays this Honorable Court will remove this action from the Superior Court of New Jersey, Law Division, Middlesex County, and requests that further proceedings be conducted in this Court as provided by law.

        Respectfully submitted,

        Drinker Biddle & Reath LLP
        Attorneys for Defendant,
        Walt Disney World Hospitality & Recreation Corporation

        By: *Stacey P. Rappaport*
            Stacey P. Rappaport (SR 4359)

March 7, 2006