# EXHIBIT A

**Levinson Axelrod**
2 Lincoln Highway
P.O. Box 2905
Edison, New Jersey 08818
(732) 494-2727
Attorneys for Plaintiff(s)

N.J. SUPERIOR COURT
MIDDLESEX VICINAGE

05 APR -7 AM 9:40

FILED & RECEIVED

| | |
|---|---|
| MARIANNE BRIGANDO and PAMELA JOY BINDER,<br><br>Plaintiff(s)<br><br>vs.<br><br>WALT DISNEY WORLD CO., AND/OR WDW HOSPITALITY & RECREATION CORP. and/or ABC CORPORATION #1-10 AND/OR THEIR AGENTS, REPRESENTATIVES AND/OR EMPLOYEES, JOHN DOES #1-10,<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY LAW DIVISION-MIDDLESEX COUNTY<br><br>DOCKET NO. MID L-2604-05<br><br>Civil Action<br><br>***COMPLAINT, JURY DEMAND, DEMAND FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES***<br><br>**"NON CONFORMING"** |

The plaintiffs, **MARIANNE BRIGANDO** and **PAMELA JOY BINDER**, residing at 52L Franklin Greens South, Somerset, Franklin Township, Somerset County, New Jersey, complaining of the defendants, say:

### FIRST COUNT



1.    On or about the 17th of June, 2004, the plaintiff, **MARIANNE BRIGANDO,** was legally and lawfully upon the premises of **WALT DISNEY WORLD CO. AND/OR WDW HOSPITALITY & RECREATION CORP.'S,** premises located in Orlando, Florida.

2.    At the same time and place, the plaintiff, **MARIANNE BRIGANDO,** was a patron on a recreational ride known as the Splash Mountain log flume, which was owned, operated, controlled supervised, maintained, inspected, repaired and/or constructed by

the defendants, *WALT DISNEY WORLD CO., AND/OR WDW HOSPITALITY & RECREATION CORP.* and/or *ABC CORPORATION #1-10 AND/OR THEIR AGENTS, REPRESENTATIVES AND/OR EMPLOYEES, JOHN DOES #1-10*.

3.  As a direct and proximately result of the negligence of the defendants, *WALT DISNEY WORLD CO., AND/OR WDW HOSPITALITY & RECREATION CORP.* and/or *ABC CORPORATION #1-10 AND/OR THEIR AGENTS, REPRESENTATIVES AND/OR EMPLOYEES, JOHN DOES #1-10,* in the manner in which they negligently owned, operated, controlled, supervised, maintained, inspected, repaired and/or constructed the premises/attraction in question, the plaintiff, *MARIANNE BRIGANDO,* was caused to suffer severe injuries to the head, limbs and body, was caused to suffer great pain and will in the future be caused to suffer great pain; was caused to incur medical expenses and will in the future be caused to incur medical expenses; was caused to lose time from employment and will in the future be caused to lose time from employment; and was caused to suffer permanent injuries.

*WHEREFORE,* the plaintiff *MARIANNE BRIGANDO,* demands judgment against the defendants, jointly, severally, or in the alternative.

### *SECOND COUNT*

1.  The plaintiff, *MARIANNE BRIGANDO,* repeats the allegations contained in the First Count and makes them a part hereof as though the same were more fully set forth herein and made a part hereof.

2.  The defendants, *WALT DISNEY WORLD CO., AND/OR WDW HOSPITALITY & RECREATION CORP.* and/or *ABC CORPORATION #1-10 AND/OR THEIR AGENTS, REPRESENTATIVES AND/OR EMPLOYEES, JOHN DOES #1-10,* did intentionally and with malice willfully, wantonly and recklessly operate the Splash Mountain log flume which caused the

plaintiff, **MARIANNE BRIGANDO,** to sustain serious personal injuries.

**WHEREFORE,** the plaintiff **MARIANNE BRIGANDO,** demands judgment against the defendants for punitive damages plus costs of suit.

### THIRD COUNT

1.  Plaintiff, **PAMELA JOY BINDER,** repeats the allegations contained in the First and Second Counts and makes them a part hereof as though the same were more fully set forth herein and made a part hereof.

2.  At the time of the accident and down to the present date, **PAMELA JOY BINDER,** has been the life partner of **MARIANNE BRIGANDO** and, as such, is entitled to her love, services and consortium, all of which she has been deprived of due to the negligence of the defendants.

WHEREFORE, the plaintiff, **PAMELA JOY BINDER,** demands judgment against the defendants on this Count for damages, interest and costs of suit.

### JURY DEMAND

**PLEASE TAKE NOTICE** that the Plaintiff, pursuant to R.4:35-1, demands a trial by jury as to all issues.

### CERTIFICATION

I hereby certify that this matter is not the subject matter of any other suit presently pending in any other Court or in any American Arbitration proceedings. At this time, no other Court proceeding or American Arbitration proceeding is contemplated.

### DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that attorney, Adam L. Rothenberg, Esq., is hereby designated as trial counsel in the above-captioned litigation for the firm of Levinson Axelrod pursuant to R.4:25-4.

## REQUEST FOR ANSWERS TO INTERROGATORIES

PLEASE TAKE NOTICE that the plaintiff hereby demands of the defendants written answers to uniform Interrogatories, Form C and C2, and the attached Supplemental Interrogatories within the time prescribed by the Rules of Court.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 4:18-1, the plaintiff hereby demands that the defendant produce the following documentation within forty-five (45) days as prescribed by the Rules of Court. Additionally, please be advised that the following requests are ongoing and continuing in nature and the defendant is therefore required to continuously update its responses thereto as new information or documentation comes into existence.

1. The amounts of any and all insurance coverage covering the defendant, including but not limited to, primary insurance policies, secondary insurance policies and/or umbrella insurance policies. For each such policy of insurance, supply a copy of the declaration page therefrom.

2. Copies of any and all documentation or reports, including but not limited to, police reports, accident reports and/or incident reports concerning the happening of the incident in question or any subsequent investigation of same.

3. Copies or duplicates of any and all photographs, motion

pictures, videotapes, films, drawings, diagrams, sketches or other reproductions, descriptions or accounts concerning the individuals involved in the incident in question, the property damage sustained, the accident scene, or anything else relevant to the incident in question.

4. Copies of any and all signed or unsigned statements, documents, communications, and/or transmissions, whether in writing, made orally or otherwise recorded by any mechanical or electronic means, made by any party to this action, any witness, or any other individual, businesses, corporation, investigative authority or other entity concerning anything relevant to the incident in question.

5. Copies of any and all documentation, including but not limited to, any contracts between the owner of the property or product involved in the incident in question and any of the parties involved in this matter.

6. Copies of any and all contracts between any of the parties involved in the incident in question.

7. Copies of any and all documentation concerning any lease agreements between the lessor(s) and the lessee(s) concerning the incident in question.

8. Copies of any and all permits applied for by the parties to the action in question concerning either the product in question, the accident scene, or anything else relevant to the happening of the accident in question.

9. Copies of any and all documentation, including but not limited to, safety manuals, statutes, rules, regulations, books,

and/or industry standards which refer to, reflect or otherwise relate to the ride in question.

10. Copies of any and all permits received by the parties to the action in question concerning either the product in question, the accident scene, or anything else relevant to the happening of the accident in question.

11. Copies of any and all discovery received from any other parties to the action in question.

12. Copies of any and all reports on the plaintiff received by the defendants, or any other party to this suit, from either the Central Index Bureau (C.I.B.) or from any other source.

13. Copies of any and all reports and/or other investigations performed by O.S.H.A. or any other investigative authority into the ride at any time.

14. Copies of any and all medical information and/or documentation concerning the plaintiff in this matter whether it concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

15. Copies of any and all records of any type subpoenaed by the defendant or received from any other source concerning the plaintiff or the incident in question.

16. A list of employees present at the ride, their names, addresses and job titles.

17. Please be advised that the plaintiff hereby objects to the taking of any photographs, x-rays or other reproductions concerning the plaintiff or the plaintiff's injuries at the time of the defense examination. If such are obtained over our objection,

they are requested to be produced.

18.   Copies of any media of any type depicting, recording, photographing, videotaping, filming, audiotaping, portraying or otherwise pertaining to the plaintiff and his family

19.   All records and materials concerning surveillance of the plaintiff including logbooks, reports, correspondence, phone records, personal records of the plaintiff.

20.   The name and address of all individuals, organizations and companies involved in the surveillance or investigation of the plaintiff on behalf of the defendant, or their agents, representatives or attorneys.

21.   Copies of all medical records or First Aid records pertaining to plaintiff created by defendant, their employees, agents or representatives.

22.   Copies of all incident/accident reports for the subject ride for three (3) years prior and since the date of accident.

23.   Any and all design drawings for the "log flume" in which patrons sit, including all specifications and modifications.

24.   The actual "log" that Ms. Brigando was a passenger in on the date of the accident.

25.   Any and all video or photos of the ride taken on the date of the accident.

26.   Any and all photos, video or other media depicting the right, the flume or any component created by or on behalf of defendant following this accident.

27.   Any and all investigation reports generated pertaining to the accident of Ms. Brigando.

28.   Any notice of injury or other administrative filing made to State or local authorities regarding any accident on this ride.

29.   Any notice of injury or other administrative filing made to State or local authorities regarding plaintiff's accident.

LEVINSON AXELROD
Attorneys for Plaintiff

By:   Adam L. Rothenberg

Dated:   4/02 /05

## SUPPLEMENTAL INTERROGATORIES

1.  State whether defendant, WALT DISNEY WORLD AND/OR WDW HOSPITALITY & RECREATION CORP., was operating the Splash Mountain water slide ride on June 17, 2004, and if not, please indicate the names and addresses of the persons and/or entities who were responsible for the operation of said ride on June 17, 2004.

2.  State whether the defendant, WALT DISNEY WORLD AND/OR WDW HOSPITALITY & RECREATION CORP., maintained the Splash Mountain log flume at Walt Disney World, and if so, please attach copies of any and all work orders, repair estimates, invoices, daily logs and the like for any and all work performed upon the Splash Mountain from June 17, 1999 to June 17, 2004.

3.  In the event the defendant, WALT DISNEY WORLD AND/OR WDW HOSPITALITY & RECREATION CORP. was not responsible to maintain the Splash Mountain log flume at Walt Disney World on June 17, 2004, please indicate the names and addresses of any and all persons and/or entities responsible to maintain said ride from June 17, 1999 to June 17, 2004.

4.  Please state with specificity the procedures, policies and protocols of the defendant, WALT DISNEY WORLD AND/OR WDW HOSPITALITY & RECREATION CORP., in effect on June 17, 2004, for the operation of Splash Mountain log flume ride at Walt Disney World.  If written, attach copies of all such documents relative to same.

5.  Please state with specificity the procedures, policies and protocols of the defendant, WALT DISNEY WORLD AND/OR WDW HOSPITALITY & RECREATION CORP., in effect on June 17, 2004, for the inspection of the Splash Mountain log flume ride at Walt Disney World in Florida.  If written, attached copies of all such documents relative to same.

6.  Please state with specificity the procedures, policies and protocols of the defendant, WALT DISNEY WORLD AND/OR WDW HOSPITALITY & RECREATION CORP., in effect on June 17, 2004, for the maintenance and repair of the Splash Mountain log flume right.  If written, attached copies of all such documents relative to same.

7.  Was there a malfunction in the operation of the Splash Mountain log flume ride at Walt Disney World in Florida on June 17, 2004, and if so, state with specificity the nature of the malfunction and how it affected the operation of said ride and supply a complete and clear copy of any and all incident reports regarding same.

8.  On June 17, 2004, was there a deviation in the operational procedure of the Splash Mountain log flume ride at Walt Disney World in Florida, and if so, state with specificity the nature of the deviation and how it affected the operation of said ride and supply a complete and clear copy of any and all incident reports regarding same.

9.   Does the defendant, WALT DISNEY WORLD AND/OR WDW HOSPITALITY &
     RECREATION CORP., contend that the Splash Mountain log flume water slide at Walt
     Disney World was negligently designed, inadequately test and/or improperly or
     inadequately maintained, and if so, please state with specificity the persons and/or entities
     responsible for same.

10.  Describe in detail the design of the "log" for passengers for the Splash Mountain log
     flume and specifically state what design components, if any, were to be present on the
     ride to prevent head injury to riders from the "log."   Please include drawings and
     photographs of the "log."

# CERTIFICATION

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for contempt of court.

I further certify that the copies of the reports annexed hereto, either by treating physicians or proposed expert witnesses, are exact copies of their entire reports, that the existence of other reports of these doctors or experts, written or oral, is unknown to me, and if such become later known or available, I shall serve them promptly on the proponent of these Interrogatories.

_____

Dated: _____

# EXHIBIT B

**LEVINSON AXELROD**
Levinson Plaza
Two Lincoln Highway
Post Office 2905
Edison, New Jersey 08818-2905
(732) 494-2727
Attorneys for Plaintiff

Received

APR 2 9 2005

Guest Claims

| | |
|---|---|
| MARIANNE  BRIGANDO  and  PAMELA JOY BINDER, | SUPERIOR COURT OF NEW JERSEY  LAW DIVISION- MIDDLESEX COUNTY |
| Plaintiff(s) | DOCKET NO. MID-L-2604-05 |
| vs. | Civil Action |
| WALT DISNEY WORLD CO., and/or WDW  HOSPITALITY  &  RECREATION CORP., et al, | *SUMMONS* |
| Defendant(s) | |

THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT(S):

**WALT DISNEY WORLD CO.**

        YOU ARE HEREBY SUMMONED in a Civil Action in the Superior Court of New Jersey, instituted by the above named plaintiff(s), and required to serve upon the attorney(s) for the plaintiff(s), whose name and office address appears above, an answer to the annexed complaint within 35 days after the service of the summons and complaint upon you, exclusive of the day of service.  If you fail to answer, judgment by default may be rendered against you for the relief demanded in the complaint.  You shall promptly file your answer and proof of service thereof in duplicate with the Clerk of the Superior Court, CN-971, Trenton, New Jersey 08625, in accordance with the rules of civil practice and procedure.

        If you cannot afford to pay an attorney, call a Legal Services Office.  An individual not eligible for free legal assistance may obtain a referral to an attorney by calling a county lawyer referral service.  These numbers may be listed in the yellow pages of your phone book or may be obtained by calling the New Jersey State Bar Association Lawyer Referral Service toll-free 800-792-8315 (within New Jersey) or 609-394-1101 (from out of state).  The phone numbers for the county in which this action is pending are:  Lawyer Referral Service, (732) 828-0053, Legal Aid and Legal Services Office (732) 249-7600.

Dated:   April 20, 2005                    /S/ DONALD PHELAN
                                    Clerk of the Superior Court


Name of Defendant to be served:  WALT DISNEY WORLD CO.
Address for service:  P.O. Box 10000, Lake Buena Vista, Florida 32830-1000



# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division - Civil Part pleadings (not motions) under Rule 4:5-1.
**Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.**

| PAYMENT TYPE: CK | CG | CA |
|---|---|---|

CHG / CK NO.

AMOUNT:

OVERPAYMENT:

BATCH NUMBER:

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| ADAM L. ROTHENBERG, ESQ. | 732-494-2727 | MIDDLESEX |

FIRM NAME (if applicable)
**LEVINSON AXELROD**

DOCKET NUMBER (When available)
MID-L-2604-05

OFFICE ADDRESS
**Two Lincoln Highway
P.O. Box 2905
Edison, New Jersey**

DOCUMENT TYPE
**COMPLAINT**

JURY DEMAND   X YES   ☐ NO

NAME OF PARTY (e.g. John Doe, Plaintiff)
**Marianne Brigando & Pamela Joy Binder, plaintiffs**

CAPTION
**Brigando/Binder v. Walt Disney World Co., et al**

CASE TYPE NUMBER
(See reverse side for listing)      605

IS THIS A PROFESSIONAL MALPRACTICE CASE?      YES   X   NO
IF YOU HAVE CHECKED "YES" SEE N.J.S.A 2A:53a-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT

RELATED CASES PENDING?      ☐ YES   X NO

IF YES, LIST DOCKET NUMBERS

DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?   ☐ YES   X NO

NAME OF DEFENDANT'S INSURANCE CARRIER
_____ NONE   _____ UNKNOWN  Allstate Ins.  and NJ Cure

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?      YES   X NO

IF YES, IS THAT RELATIONSHIP   ☐ EMPLOYER - EMPLOYEE   ☐ FRIEND / NEIGHBOR   ☐ OTHER (explain)
☐ FAMILIAL   ☐ BUSINESS

B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES   X NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

DO YOU OR YOUR CLIENT HAVE ANY NEEDS UNDER THE AMERICANS WITH DISABILITIES ACT?   ☐ YES   X NO   IF YES, PLEASE IDENTIFY: _____

WILL AN INTERPRETER BE NEEDED?   ☐ YES   X NO   IF YES, FOR WHAT LANGUAGE: _____

ATTORNEY SIGNATURE

FILED & RECEIVED
06 APR -7 AM 9: 40
SUPERIOR COURT
MIDDLESEX VICINAGE

SIDE 2 

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under Rule 4:5-1

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I — 150 days' discovery

| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY |
| 502 | BOOK ACCOUNT |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |

### Track II — 300 days' discovery

| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 602 | ASSAULT AND BATTERY |
| 603 | AUTO NEGLIGENCE - PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE - PROPERTY DAMAGE |
| 699 | TORT - OTHER |

### Track III — 450 days' discovery

| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

### Track IV — Active Case Management by Individual Judge / 450 days' discovery

| | |
|---|---|
| 156 | ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 613 | REPETITIVE STRESS SYNDROME |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRIT |

**Mass Tort (Track IV)**

| | | | |
|---|---|---|---|
| 240 | REDUX/PHEN-FEN (formerly "DIET DRUG") | 264 | PPA |
| 246 | REZULIN | 601 | ASBESTOS |
| 247 | PROPULSID | 619 | VIOXX |
| 248 | CIBA GEIGY | | |

| | |
|---|---|
| 999 | OTHER (Briefly describe nature of action) _____ |

_____

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category:

☐ Verbal Threshold          ☐ Putative Class Action          ☐ Title 59

**LEVINSON AXELROD**
Levinson Plaza
Two Lincoln Highway
Post Office 2905
Edison, New Jersey 08818-2905
(732) 494-2727
Attorneys for Plaintiff

| | |
|---|---|
| MARIANNE BRIGANDO and PAMELA JOY BINDER, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION- MIDDLESEX COUNTY |
| Plaintiff(s) | DOCKET NO. MID-L-2604-05 |
| vs. | Civil Action |
| WALT DISNEY WORLD CO., and/or WDW HOSPITALITY & RECREATION CORP., et al, | **SUMMONS** |
| Defendant(s) | |

THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT(S):

WDW HOSPITALITY & RECREATION CORP.

YOU ARE HEREBY SUMMONED in a Civil Action in the Superior Court of New Jersey, instituted by the above named plaintiff(s), and required to serve upon the attorney(s) for the plaintiff(s), whose name and office address appears above, an answer to the annexed complaint within 35 days after the service of the summons and complaint upon you, exclusive of the day of service. If you fail to answer, judgment by default may be rendered against you for the relief demanded in the complaint. You shall promptly file your answer and proof of service thereof in duplicate with the Clerk of the Superior Court, CN-971, Trenton, New Jersey 08625, in accordance with the rules of civil practice and procedure.

If you cannot afford to pay an attorney, call a Legal Services Office. An individual not eligible for free legal assistance may obtain a referral to an attorney by calling a county lawyer referral service. These numbers may be listed in the yellow pages of your phone book or may be obtained by calling the New Jersey State Bar Association Lawyer Referral Service toll-free 800-792-8315 (within New Jersey) or 609-394-1101 (from out of state). The phone numbers for the county in which this action is pending are: Lawyer Referral Service, (732) 828-0053, Legal Aid and Legal Services Office (732) 249-7600.

Dated: April 20, 2005

/S/ DONALD PHELAN
Clerk of the Superior Court

Name of Defendant to be served: WDW HOSPITALITY & RECREATION CORP.
Address for service: P.O. Box 10000, Lake Buena Vista, Florida 32830-1000

MIDDLESEX COUNTY SUPERIOR COURT
P O BOX 2633
1 JFK SQUARE
NEW BRUNSWICK    NJ 08903

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 981-3301
COURT HOURS

DATE:    APRIL 11, 2005
RE:      BRIGANDO MARIANNE VS WALT DISNEY WORLD CO
DOCKET: MID L -002604 05

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON BRYAN D. GARRUTO

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (732) 981-3301.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.
ATTENTION:

LEVINSON AXELROD P C
LEVINSON PLAZA  2 LINCOLN HWY
PO BOX 2905
EDISON        NJ 08818-2905

JUMCOF0

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division - Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.

| PAYMENT TYPE: | CK | CG | CA |
|---|---|---|---|
| CHG / CK NO: | | | |
| AMOUNT: | | | |
| OVERPAYMENT: | | | |
| BATCH NUMBER: | | | |

**ATTORNEY / PRO SE NAME**
ADAM L. ROTHENBERG, ESQ.

**TELEPHONE NUMBER**
732-494-2727

**COUNTY OF VENUE**
MIDDLESEX

**FIRM NAME (if applicable)**
LEVINSON AXELROD

**DOCKET NUMBER (When available)**
MID-L-2604-05

**OFFICE ADDRESS**
Two Lincoln Highway
P.O. Box 2905
Edison, New Jersey

**DOCUMENT TYPE**
COMPLAINT

**JURY DEMAND**   X YES   ☐ NO

**NAME OF PARTY (e.g. John Doe, Plaintiff)**
Marianne Brigando & Pamela Joy Binder, plaintiffs

**CAPTION**
Brigando/Binder v. Walt Disney World Co., et al

**CASE TYPE NUMBER**
(See reverse side for listing)   605

**IS THIS A PROFESSIONAL MALPRACTICE CASE?** _____ YES   X NO
IF YOU HAVE CHECKED "YES" SEE N.J.S.A 2A:53a-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT

**RELATED CASES PENDING?**   ☐ YES   X NO

**IF YES, LIST DOCKET NUMBERS**

**DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?**   ☐ YES   X NO

**NAME OF DEFENDANT'S INSURANCE CARRIER**   ___ NONE   ___ UNKNOWN Allstate Ins. and NJ Cure

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?   YES   X NO

IF YES, IS THAT RELATIONSHIP
☐ EMPLOYER - EMPLOYEE   ☐ FRIEND / NEIGHBOR   ☐ OTHER (explain) ___
☐ FAMILIAL   ☐ BUSINESS

B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES   X NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

DO YOU OR YOUR CLIENT HAVE ANY NEEDS UNDER THE AMERICANS WITH DISABILITIES ACT?   ☐ YES   X No   IF YES, PLEASE IDENTIFY: _____

WILL AN INTERPRETER BE NEEDED?   ☐ YES   X No   IF YES, FOR WHAT LANGUAGE: _____

**ATTORNEY SIGNATURE**

SIDE 2   

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under Rule 4:5-1

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I — 150 days' discovery

| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY |
| 502 | BOOK ACCOUNT |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |

### Track II — 300 days' discovery

| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 602 | ASSAULT AND BATTERY |
| 603 | AUTO NEGLIGENCE - PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE - PROPERTY DAMAGE |
| 699 | TORT - OTHER |

### Track III — 450 days' discovery

| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

### Track IV — Active Case Management by Individual Judge / 450 days' discovery

| | |
|---|---|
| 156 | ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 613 | REPETITIVE STRESS SYNDROME |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRIT |

#### Mass Tort (Track IV)

| | | | |
|---|---|---|---|
| 240 | REDUX/PHEN-FEN (formerly "DIET DRUG") | 264 | PPA |
| 246 | REZULIN | 601 | ASBESTOS |
| 247 | PROPULSID | 619 | VIOXX |
| 248 | CIBA GEIGY | | |

| | |
|---|---|
| 999 | OTHER (Briefly describe nature of action) _____ |

_____

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."**

Please check off each applicable category:

☐ Verbal Threshold        ☐ Putative Class Action        ☐ Title 59

Revised Effective 3/1/04

# EXHIBIT C

**LEVINSON AXELROD**
Levinson Plaza
Two Lincoln Highway
Post Office 2905
Edison, New Jersey 08818-2905
(732) 494-2727
Attorneys for Plaintiff

| | |
|---|---|
| MARIANNE BRIGANDO and PAMELA JOY BINDER, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION- MIDDLESEX COUNTY |
| Plaintiff(s) | DOCKET NO. MID-L-2604-05 |
| vs. | Civil Action |
| WALT DISNEY WORLD CO., and/or WDW HOSPITALITY & RECREATION CORP., et al, | **ORDER** |
| Defendant(s) | |

This matter having been brought before the Court upon application of Stacey P. Rappaport, Esq. of Drinker, Biddle & Reath, attorneys for the defendants Walt Disney World ("WDW") and Walt Disney World Hospitality & Recreation Corporation ("HRC"), on Motion for an Order (1) dismissing plaintiffs' Complaint without prejudice as against HRC for lack of personal jurisdiction, pursuant to N.J.Ct.R. 4:6-2(b); and (2) dismissing plaintiffs' Complaint with prejudice as against WDW for failure to state a claim upon which relief may be granted, pursuant to N.J. Ct.R. 4:6-2(e); and the Court having considered the papers filed in connection with the motion and the oral argument of counsel; and for good cause shown;

IT IS on this 22 day of _September_ , 2005 ORDERED that the plaintiffs' claims against WDW are

dismissed without prejudice; and it is further

ORDERED that the remaining parties shall have ninety (90) days from August 19, 2005, to complete jurisdictional discovery; and it is further

ORDERED that within ___30___ days of the date hereof, HRC shall inform plaintiffs how many New Jersey residents utilized the Disneyworld.com website in the last three (3) years to book vacation packages or purchase tickets at Walt Disney World in Florida; and it is further

ORDERED that within ___30___ days of the date hereof, HRC shall produce all unpublished opinions, of which it is aware, in which a state or federal court has held that HRC or any company operating the Walt Disney Magic Kingdom is subject to jurisdiction outside the State of Florida; and it is further

IT IS FURTHER ORDERED that a copy of this Order be forwarded to all counsel herein within ___7___ days hereof.

_____
BRYAN D. GARRUTO, J.S.C.

# EXHIBIT D

DRINKER BIDDLE & REATH LLP
A Pennsylvania Limited Liability Partnership
500 Campus Drive
Florham Park, NJ 07932
973-360-1100
Attorneys for Defendant,
Walt Disney World Hospitality & Recreation Corporation
(improperly pleaded in the Complaint)

FILED & RECEIVED #1

2005 NOV 23  A 10: 54

MIDDLESEX
DEPUTY CLERK
SUPERIOR COURT

MARIANNE BRIGANDO and PAMELA JOY
BINDER,

      Plaintiffs,

v.

WALT DISNEY WORLD CO., AND/OR WDW
HOSPITALITY & RECREATION CORP. AND/OR
ABC CORPORATION #1-10 AND/OR THEIR
AGENTS, REPRESENTATIVES AND/OR
EMPLOYEES, JOHN DOES #1-10,

      Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION-MIDDLESEX
COUNTY
DOCKET NO. MID-L-2604-05

**WALT DISNEY WORLD
HOSPITALITY & RECREATION
CORPORATION'S ANSWER,
AFFIRMATIVE DEFENSES, AND
JURY DEMAND**

Defendant, Walt Disney World Hospitality & Recreation Corporation ("HRC"),

by and through its counsel, Drinker Biddle & Reath LLP, hereby responds to plaintiffs'

Complaint as follows:

<u>FIRST COUNT</u>

1.      Paragraph 1 of the First Count of the Complaint contains allegations that

are directed against, or refer to, Walt Disney World Co. ("WDW").  WDW has been

dismissed from this action, and HRC is not obligated to, and does not, respond to those

allegations.  HRC admits that on June 17, 2004, it owned the Magic Kingdom Park where

the Splash Mountain Attraction ("the Attraction") is located.  HRC lacks knowledge or

information sufficient to form a belief as to the truth or accuracy of plaintiffs' allegations

regarding Ms. Brigando, and therefore denies those allegations.

2.      Paragraph 2 of the First Count of the Complaint contains allegations that are directed against, or refer to, Walt Disney World Co. ("WDW").  WDW has been dismissed from this action, and HRC is not obligated to, and does not, respond to those allegations.  HRC admits that it owned, operated and controlled the Attraction on June 17, 2004, and that it was responsible for the day-to-day inspection, maintenance, repairs and supervision of the Flume.  HRC lacks knowledge or information sufficient to form a belief as to the truth or accuracy of plaintiffs' allegations regarding Ms. Brigando, and therefore denies those allegations.  HRC denies the remaining allegations contained in the subject paragraph.

3.      Paragraph 3 of the First Count of the Complaint contains allegations that are directed against, or refer to, Walt Disney World Co. ("WDW").  WDW has been dismissed from this action, and HRC is not obligated to, and does not, respond to those allegations.  HRC denies the remaining allegations contained in the subject paragraph.

### SECOND COUNT

1.      HRC incorporates herein its responses to the preceding paragraphs of the Complaint.

2.      Paragraph 2 of the Second Count of the Complaint contains allegations that are directed against, or refer to, Walt Disney World Co. ("WDW").  WDW has been dismissed from this action, and HRC is not obligated to, and does not, respond to those allegations.  HRC denies the remaining allegations contained in the subject paragraph.

### THIRD COUNT

1.      HRC incorporates herein its responses to the preceding paragraphs of the Complaint.

2.      HRC lacks knowledge or information sufficient to form a belief as to the

truth or accuracy of plaintiffs' allegations regarding the nature of plaintiffs' relationship.

HRC denies the remaining allegations contained in Paragraph 2 of the Third Count of the

Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by Ms. Brigando's own

negligence.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrine of assumed

risk.

## JURY DEMAND

HRC demands a jury trial on all issues.


DRINKER BIDDLE & REATH LLP
Attorneys for Defendant
Walt Disney Hospitality &
Recreation Corporation

By:      _E Rappaport_
Stacey P. Rappaport

Dated:  November 22, 2005

## <u>CERTIFICATION PURSUANT TO RULE 4:5-1</u>

I hereby certify that, to the best of my knowledge, this action is not the subject of any other pending court or arbitration proceeding, and we do not contemplate any such proceeding at this time. I further certify that, to the best of my knowledge, no other parties ought to be joined in this matter.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

DRINKER BIDDLE & REATH LLP
Attorneys for Defendant
Walt Disney Hospitality &
Recreation Corporation

By: _____
Stacey P. Rappaport

Dated: November 22, 2005

# CIVIL CASE INFORMATION STATEMENT



## (CIS)



Use for initial Law Division – Civil Part pleadings (not motions) under Rule 4:5-1.

**Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.**

| | |
|---|---|
| PAYMENT TYPE:  CK  CG  CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY/PRO SE NAME<br>Stacey P. Rappaport | TELEPHONE NUMBER<br>(973) 360-1100 | COUNTY OF VENUE<br>Middlesex |
|---|---|---|
| FIRM NAME (if applicable)<br>Drinker Biddle & Reath LLP | | DOCKET NUMBER (When available)<br>MID-L-2604-05 |
| OFFICE ADDRESS<br>500 Campus Drive<br>Florham Park, New Jersey  07932-1047 | | DOCUMENT TYPE<br>Answer |
| | | JURY DEMAND<br>☒ YES  ☐ NO |

| NAME OF PARTY (e.g. John Doe, Plaintiff)<br>Walt Disney World Hospitality & Recreation Corporation, Defendant | CAPTION<br>Brigando/Binder v. Walt Disney World Co., et al. |
|---|---|

| CASE TYPE NUMBER         605<br>(See reverse side<br>for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ☒ NO |
|---|---|
| | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES<br>PENDING?<br>☐ YES  ☒ NO | IF YES, LIST DOCKET<br>NUMBERS |

| DO YOU ANTICIPATE ADDING ANY<br>PARTIES (arising out of same<br>transaction or occurrence)?   ☐ YES  ☒ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN |
|---|---|
| | ☒ NONE     ☐ UNKNOWN |

## CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| A.  DO PARTIES HAVE A CURRENT,<br>PAST OR RECURRENT ☐ YES ☒ NO<br>RELATIONSHIP? | IF YES, IS THAT<br>RELATIONSHIP ☐ EMPLOYER-EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)<br>☐ FAMILIAL   ☐ BUSINESS |
|---|---|

| B.  DOES THE STATUTE GOVERNING THIS<br>CASE PROVIDE FOR PAYMENT OF FEES BY<br>THE LOSING PARTY?   ☐ YES  ☒ NO |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

*FILED & RECEIVED #1*
*2005 NOV 23 A 10 54*
*MIDDLESEX*
*DEPUTY CLERK*
*SUPERIOR COURT*

| ♿ DO YOU OR YOUR CLIENT NEED ANY<br>DISABILITY ACCOMMODATIONS?  ☐ YES  ☒ NO | IF YES, PLEASE IDENTIFY<br>THE REQUESTED ACCOMMODATION. |
|---|---|

| WILL AN INTERPRETER BE NEEDED?   ☐ YES  ☒ NO | IF YES, FOR WHAT LANGUAGE: |
|---|---|

ATTORNEY SIGNATURE   *S. Rappaport*

Revised effective 3/1/04

SIDE 2  

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

---

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I – 150 days' discovery**

| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY |
| 502 | BOOK ACCOUNT |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |

**Track II – 300 days' discovery**

| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 602 | ASSAULT AND BATTERY |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

**Track III – 450 days' discovery**

| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER/CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

**Track IV – Active Case Management by Individual Judge / 450 days' discovery**

| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 613 | REPETITIVE STRESS SYNDROME |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRIT |

**Mass Tort (Track IV)**

| | | | |
|---|---|---|---|
| 240 | REDUX/PHEN-FEN (formerly "DIET DRUG") | 264 | PPA |
| 246 | REZULIN | 601 | ASBESTOS |
| 247 | PROPULSID | | |
| 248 | CIBA GEIGY | | |

| | |
|---|---|
| 999 | OTHER (Briefly describe nature of action) |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category:

☐  Verbal Threshold          ☐  Putative Class Action          ☐  Title 59

Revised effective 3/1/04
SFNJ1 1092602v1

# EXHIBIT E

# Levinson Axelrod, P.A.
## ATTORNEYS AT LAW

Levinson Plaza, 2 Lincoln Highway, PO Box 2905, Edison, NJ 08818-2905
Tel: (732) 494-2727  Fax: (732) 494-2712

February 3, 2006

*Jacob Levinson*
(1934-1988)
*Robert Jay Axelrod*
(1961-2000)

*Alfred A. Levinson*
*Richard J. Levinson*
Certified by the Supreme Court
of New Jersey as a Civil Trial Attorney
*David T. Wheaton*
Certified by the Supreme Court
of New Jersey as a Civil Trial Attorney
*Ronald B. Grayzel*
Certified by the Supreme Court
of New Jersey as a Civil Trial Attorney
*Patrick R. Caulfield*
Certified by the Supreme Court
of New Jersey as a
Workers' Compensation Attorney
*Richard J. Marcolus*
Certified by the Supreme Court
of New Jersey as a
Workers' Compensation Attorney
*James J. Dunn*
Certified by the Supreme Court
of New Jersey as a Civil Trial Attorney
*Mark V. Kuminski*
Certified by the Supreme Court
of New Jersey as a Civil Trial Attorney
*Adam L. Rothenberg*
Certified by the Supreme Court
of New Jersey as a Civil Trial Attorney
*Richard Del Vacchio*
*Brett R. Greiner*

Stacy P. Rappaport, Esq.
Drinker, Biddle & Reath, LLP
500 Campus Drive
Florham Park, New Jersey 07932

Re:  Brigando, et al v. Walt Disney World, et al
      Docket No. MID-L-2604-95

Dear Ms. Rappaport:

With reference to the above captioned matter, enclosed please find my clients' certified answers to Interrogatories, Form A, A(2) and Supplementals.

Very truly yours,

ADAM L. ROTHENBERG

*Maurice J. Nadeau*
*Michael H. Mizin*
*Kimberly L. Gozsa*
*Julia S. Dasaro Drescher*
*Alex R. DeSevo*
*Tara L. Johnson*
*Todd D. Wachtel*
*Martin M. Barry*
*James Bayard Smith, Jr.*
*Kenneth M. Harrell*

ALR/cn
Enclosures

Tax ID # 22-2283838

## PLAINTIFF, MARIANNE BRIGANDO'S ANSWERS TO FORM A INTERROGATORIES
## BRIGANDO V. WDW, et al

NOTE TO DEFENDANT, PLAINTIFF NEITHER AGREES TO NOR ADOPTS
DEFINITIONS AND INSTRUCTIONS GIVEN BY ATTORNEYS FOR THE
DEFENDANT.  PLAINTIFF WILL RELY UPON THE RULES OF COURT
AND THE ADVICE OF THEIR COUNSEL IN ANSWERING
INTERROGATORIES.

1.     Marianne Brigando, 52L Franklin Greens South, Somerset, New Jersey 08873; D/B:
       3/12/68.

2.     The incident happened on June 17, 2004, approximately 6:00 p.m.  I was a passenger on
       the Splash Mountain Log Flume at Disney World in Florida.  I was riding in the rear of
       the "log" with Pamela Binder to my right.  We were sitting in the rear seat of the "log".
       As the log went down the last large drop, my head went backwards striking the hard
       surface behind.  There was not any type of headrest or protective device behind my head.
       I believe that this was different from other logs.

3.     As a result of this accident, I suffered a closed head injury and neck injury.  I also
       suffered a superficial wound to the back of my head as well. This caused a concussion,
       brain trauma, injury to the cervical spine and weakness with problems in the left worse
       than the right.  I have radiating pain into my left hand.  I have been diagnosed with
       herniated discs in my neck as a result of this accident.

4.     I also have been left with cognitive defects caused by the head injury.  These are detailed
       in the report of Dr. Keith Cicerone.

       As a result of these injuries, I had to undergo vocational rehabilitation and training.  I am
       still impaired.

       Orthopedically, I have required pain management along with multiple injections.  I c
       ontinue to require pain medication, Norco – three times a day, along with Motrin.

       I am presently discussing surgery with my orthopedic doctor.

       I have  continued to have headaches, radiating pain, neck pain, weakness and impairment.
       On the advice of counsel, the issue of permanency if one for expert opinion.  Without
       waiving this objection, based upon the continuing nature of these complaints, these are
       deemed to be permanent in nature.

4.     Please see answer to Interrogatory No. 3.

5.     JFK Medical Center – 6/18/04 to 6/20/04 and 6/25/04 to 7/2/04.

There have been additional out-patient treatments and injections at Mediplex Center, Edison, New Jersey. Dates to be supplied.

6.  Various diagnostic tests have been performed by health care providers. See annexed medical records. To be supplied recent CT, MRI and EMG showing chronic radiculopathy.

7.  Treatment has been supplied by Dr. Keith Cicerone, Center for Head Injury, 2048 Oak Tree Road, The Hartwick, Edison, New Jersey; Joseph Lombardi and Dr. David M. Idank of Edison Metuchen Orthopedic Group, 10 Parsonage Road, Edison, New Jersey; Manoj Patharkar, M.D., 3480 Park Avenue, Suite 102, Edison, New Jersey 08820, Vocational Rehab, Hartwick Center, 2048 Oak Tree Road, Edison, New Jersey. See records supplied and records to be supplied for dates and types of treatment.

8.  I am still under the care of Dr. Joseph Lombardi and Manoj Patharkar, M.D. I see Dr. Patharkar monthly and he does injections approximately every four months. Dr. Lombardi is following up on my neck injury and we are presently discussing treatment including surgery.

9.  Objection, on the advice of counsel this question calls for an answer which is outside of the knowledge, ken or ability of the plaintiff to answer. Without waiving said objection, not to my knowledge.

10.  (a)  JFK Hospital
     (b)  Administrative Nurse – Case Management
     (c)  My yearly wage was approximately $70,000 per year
     (d)  Actual dates to be supplied. I believe I was out approximately two (2) months following the accident initial, and then October through April thereafter.
     (e)  Amount to be calculated and supplied.

11.  I have returned to the same job with difficulty. I am essentially doing the same job and same earnings.

12.  To be supplied.

13.  To be supplied. See annexed medical records for present bills in our possession.

14.  To be supplied if applicable.

15.  Objection, insomuch as this calls for work product or otherwise privileged materials. Without waiving said objection, see those documents and things served with plaintiff's jurisdictional answers to Interrogatories. Plaintiff now amends with medical information.

Walt Disney Parks and Resorts Report on Safety 2002 annexed hereto.

16.  Pamela Joy Binder who is my partner.

17.   Objection, insomuch as this calls for plaintiff to categorize knowledge of other individuals.  Without waiving said objection, Pamela Joy Binder, all parties hereto; all persons named in all parties' answers to interrogatories and/or depositions; all investigating authorities; all treating and/or examining physicians; all custodians of records, as well as any and all other individuals whose names may be revealed as discovery continues.

18.   Objection, insomuch as this calls for work product or otherwise privileged materials.  My attorneys advise that they have various pictures of Splash Mountain rides taken from Walt Disney World websites.   Additionally, my attorneys advise they have various generic medical illustrations which can be viewed at the office of my attorneys on appropriate notice.

Plaintiff reserves the right to reproduce as an enlargement all documents produced in discovery to be used at the time of trial.

19.   After the accident, Pam Binder spoke to one of the ride operators and asked what the protrusion was on the "log" behind where Marianne was sitting.  He indicated that this was used to "lasso" the logs together.

20.   Following the accident, it was reported initially to a male ride operator where he was told that Marianne was injured and needed help.  Also we spoke to someone from security and someone who indicated that they were from the emergency medical staff.  On each occasion, Marianne Brigando indicated that she was injured, had hit her head on the log and had suffered trauma.

21.   Objection, insomuch as this calls for work product or otherwise privileged materials.  Without waiving said objection, none.

22.   To be supplied in accordance with the Rules of Court.

23.   To be supplied in accordance with the Rules of Court.

24.   Objection, this interrogatory if overly broad and unduly burdensome and not intended to lead to discovery of relevant evidence.  Without waiving said objection, no.

25.   Not applicable.

## APPENDIX II. INTERROGATORY FORMS

### Form A. Uniform Interrogatories to be Answered by Plaintiff in All Personal Injury Cases: Superior Court

All questions must be answered unless the court otherwise orders or unless a claim of privilege or protective order is made in accordance with R. 4:17-1(b)(3).

(Caption)

1. Full name, present address and date of birth.

2. Describe in detail your version of the accident or occurrence setting forth the date, location, time and weather.

3. Detailed description of nature, extent and duration of any and all injuries.

4. Detailed description of injury or condition claimed to be permanent together with all present complaints.

5. If confined to a hospital, state its name and address, and dates of admission and discharge.

6. If any diagnostic tests were performed, state the type of test performed, name and address of place where performed, date each test was performed and what each test disclosed. Attach a copy of the test results.

7. If treated by any health care provider, state the name and present address of each health care provider, the dates and places where treatments were received and the date of last treatment. Attach true copies of all written reports provided to you by any such health care provider whom you propose to have testify in your behalf.

8. If still being treated, the name and address of each doctor or health care provider rendering treatment, where and how often treatment is received and the nature of the treatment.

9. If a previous injury, disease, illness or condition is claimed to have been aggravated, accelerated or exacerbated, specify in detail the nature of each and the name and present address of each health care provider, if any, who ever provided treatment for the condition.

10. If employed at the time of the accident, state: (a) name and address of employer; (b) position held and nature of work performed; (c) average weekly wages for past year; (d) period of time lost from employment, giving dates; and (e) amount of wages lost, if any.

11. If there has been a return to employment or occupation, state: (a) name and address of present employer; (b) position held and nature of work performed; and (c) present weekly wages, earning, income or profit.

12. If other loss of income, profit or earnings is claimed: (a) state total amount of the loss; (b) give a complete detailed computation of the loss; and (c) state the nature and source of the loss of income, profit and earnings, and the dates of the deprivation.

13. Itemize in complete detail any and all moneys expended or expenses incurred for hospitals, doctors, nurses, diagnostic tests or health care providers, x-rays, medicines, care and appliances and state the name and address of each payee and the amount paid and owed each payee.

14. Itemize any and all other losses or expenses incurred not otherwise set forth.

15. Identify all documents that may relate to this action, and attach copies of each such document.

16. State the names and addresses of all eyewitnesses to the accident or occurrence, their relationship to you and their interest in this lawsuit.

## INTERROGATORY FORMS

17. State the names and addresses of all persons who have knowledge of any facts relating to the case.

18. If any photographs, videotapes, audio tapes or other forms of electronic recording, sketches, reproductions, charts or maps were made with respect to anything that is relevant to the subject matter of the complaint, describe: (a) the number of each; (b) what each shows or contains; (c) the date taken or made; (d) the names and addresses of the persons who made them; (e) in whose possession they are at present; and (f) if in your possession, attach a copy, or if not subject to convenient copying, state the location where inspection and copying may take place.

19. If you claim that the defendant made any admissions as to the subject matter of this lawsuit, state: (a) the date made; (b) the name of the person by whom made; (c) the name and address of the person to whom made; (d) where made; (e) the name and address of each person present at the time the admission was made; (f) the contents of the admission; and (g) if in writing, attach a copy.

20. If you or your representative and the defendant have had any oral communication concerning the subject matter of this lawsuit, state: (a) the date of the communication; (b) the name and address of each participant; (c) the name and address of each person present at the time of such communication; (d) where such communication took place; and (e) a summary of what was said by each party participating in the communication.

21. If you have obtained a statement from any person not a party to this action, state: (a) the name and present address of the person who gave the statement; (b) whether the statement was oral or in writing and if in writing, attach a copy; (c) the date the statement was obtained, and if so, the nature of the recording and the whether a recording was made, and if so, the nature of the recording and the name and present address of the person who has custody of it; (e) if the statement was written, whether it was signed by the person making it; (f) the name and address of the person who obtained the statement; and (g) if the statement was oral, a detailed summary of its contents.

22. If you claim that the violation of any statute, rule, regulation or ordinance is a factor in this litigation, state the exact title and section.

23. State the names and addresses of any and all proposed expert witnesses. Set forth in detail the qualifications of each expert named and attach a copy of each expert's current resume. Also attach true copies of all written reports provided to you by any such proposed expert witnesses.

With respect to all expert witnesses, including treating physicians, who are expected to testify at trial and with respect to any person who has conducted an examination pursuant to Rule 4:19, who may testify, state each such witness's name, address and area of expertise and attach a true copy of all written reports provided to you:

State the subject matter on which your experts are expected to testify;

State the substance of the facts and opinions to which your experts are expected to testify and a summary of the grounds for each opinion.

24. State whether you have ever been convicted of a crime, YES ( ) or NO ( ).
If the answer is "yes", state: (a) date; (b) place; and (c) nature.

**TO BE ANSWERED ONLY IN AUTOMOBILE ACCIDENT CASES**

25. Do you have insurance coverage and/or PIP benefits under an applicable policy or policies of automobile insurance? As to each such policy provide the

## APPENDIX II

name and address of the insurance carrier, policy number, the named insured and attach a copy of the declaration sheet.

If you are making a claim for property damage to a motor vehicle, provide answers to the uniform interrogatories contained in Form B, questions 1 through 18.

**FOR MEDICAL MALPRACTICE CASES, ALSO ANSWER FORM A(1)
FOR PRODUCT LIABILITY CASES (OTHER THAN PHARMACEUTI-
CAL AND TOXIC TORT CASES), ALSO ANSWER A(2)**

### CERTIFICATION

I hereby certify that the foregoing answers to interrogatories are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

I hereby certify that the copies of the reports annexed hereto provided by either treating physicians or proposed expert witnesses are exact copies of the entire report or reports provided by them; that the existence of other reports of said doctors or experts are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

Note: Amended July 17, 1975 to be effective September 8, 1975; entire text deleted and new text added July 13, 1994 to be effective September 1, 1994; amended June 28, 1996 to be effective September 1, 1996; amended July 10, 1998 to be effective September 1, 1998; new introductory paragraph added July 5, 2000 to be effective September 5, 2000; interrogatory 23 and certification amended July 28, 2004 to be effective September 1, 2004.

### Form A(1). Uniform Interrogatories to be Answered by Plaintiff in Medical Malpractice Cases Only: Superior Court

All questions must be answered unless the court otherwise orders or unless a claim of privilege or protective order is made in accordance with R. 4:17-1(b)(3).

(Caption)

1. State your full name, address, date and place of birth and Social Security number.

2. State the date on which you first came under the medical care of the defendant(s).

3. State the reason(s) you first consulted the defendant(s).

4. State in detail the medical history you gave the defendant(s).

5. Describe the examination performed by the defendant(s) the first time you came under defendant's medical care.

6. Set forth each date on which you presented yourself to defendant(s) for examination and/or treatment and describe in detail the treatment given to you on each date.

7. State the name of each defendant that you contend was negligent, and state what you contend that each defendant did that should not have been done and what you contend that each defendant did not do that should have been done, and the dates thereof. Set forth all facts on which you base your contentions. If you are relying on any written documents or records, identify those documents and records, and state the material in each document which you contend demonstrates negligence.

8. State the names and addresses of all persons having knowledge of relevant facts relating to this lawsuit and specify those who are eyewitnesses to any act of negligence.

9. State the names and addresses of any and all proposed expert witnesses. Set forth in detail the qualifications of each expert named and attach a copy of

# EXHIBIT F

# Levinson Axelrod, P.A.
## ATTORNEYS AT LAW

Levinson Plaza, 2 Lincoln Highway, PO Box 2905, Edison, NJ 08818-2905
Tel: (732) 494-2727  Fax: (732) 494-2712

March 1, 2006

*Jacob Levinson*
*(1934-1988)*
*Robert Jay Axelrod*
*(1961-2000)*

*Alfred A. Levinson*
*Richard J. Levinson*
Certified by the Supreme Court
of New Jersey as a Civil Trial Attorney
*David T. Wheaton*
Certified by the Supreme Court
of New Jersey as a Civil Trial Attorney
*Ronald B. Grayzel*
Certified by the Supreme Court
of New Jersey as a Civil Trial Attorney
*Patrick R. Caulfield*
Certified by the Supreme Court
of New Jersey as a
Workers' Compensation Attorney
*Richard J. Marcolus*
Certified by the Supreme Court
of New Jersey as a
Workers' Compensation Attorney
*James J. Dunn*
Certified by the Supreme Court
of New Jersey as a Civil Trial Attorney
*Mark V. Kuminski*
Certified by the Supreme Court
of New Jersey as a Civil Trial Attorney
*Adam L. Rothenberg*
Certified by the Supreme Court
of New Jersey as a Civil Trial Attorney
*Richard Del Vacchio*
*Brett R. Greiner*

*Maurice J. Nadeau*
*Michael H. Mizin*
*Kimberly L. Gozsa*
*Julia S. Dasaro Drescher*
*Alex R. DeSevo*
*Tara L. Johnson*
*Todd D. Wachtel*
*Martin M. Barry*
*James Bayard Smith, Jr.*
*Kenneth M. Harrell*

Stacy P. Rappaport, Esq.
Drinker, Biddle & Reath, LLP
500 Campus Drive
Florham Park, New Jersey 07932

Re:  Brigando, et al v. Walt Disney World, et al
       Docket No. MID-L-2604-95

Dear Ms. Rappaport:

Plaintiff hereby amends and supplements answers to interrogatories with the enclosed lien letter received from NexClaim dated February 24, 2006, in the sum of $14,639.57..

As always, records, reports and bills are sent to you in response to Interrogatories and nothing in them should be deemed to be adoptive admissions.

Unless I hear from you to the contrary within seven (7) days from the date hereof, I shall assume that this form of amendment is acceptable to you.

Thank you for your anticipated cooperation.

Very truly yours,

ADAM L. ROTHENBERG

ALR/cn
Enclosure

Tax ID # 22-2283838

http://www.njlawyers.com
Other Levinson Axelrod offices in Flemington, Somerville/Hillsborough, Belford, Howell, Forked River and Jamesburg/Monroe

# EXHIBIT G

DRINKER BIDDLE & REATH LLP
A Pennsylvania Limited Liability Partnership
500 Campus Drive
Florham Park, NJ  07932
(973) 360-1100
Attorneys for Defendant
Walt Disney World Hospitality & Recreation Corporation
(improperly pleaded in the Complaint)

| | |
|---|---|
| MARIANNE BRIGANDO and PAMELA JOY BINDER,<br><br>     Plaintiff(s),<br><br>v.<br><br>WALT DISNEY WORLD CO., AND/OR WDW HOSPITALITY & RECREATION CORP. AND/OR ABC CORPORATION #1-10 AND/OR THEIR AGENTS, REPRESENTATIVES AND/OR EMPLOYEES, JOHN DOES #1-10,<br><br>     Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION-MIDDLESEX COUNTY<br>DOCKET NO. MID-L-2604-05<br><br>**WALT DISNEY WORLD HOSPITALITY & RECREATION CORPORATION'S NOTICE OF FILING OF NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that defendant Walt Disney World Hospitality & Recreation Corporation (improperly pleaded in the Complaint) has filed the attached Notice of Removal with the Clerk's Office of the United States District Court for the District of New Jersey.

DRINKER BIDDLE & REATH LLP
Attorneys for Defendant Walt Disney World
Hospitality & Recreation Corporation

By:  *Stacey P. Rappaport*
     Stacey P. Rappaport

Dated:  March 6, 2006