James M. Altieri (JA 9733)
Stacey P. Rappaport (SR 4359)
DRINKER BIDDLE & REATH LLP
A Pennsylvania Limited Liability Partnership
500 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 360-1100
Attorneys for Defendant,
Walt Disney World Hospitality & Recreation Corporation

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIANNE BRIGANDO and PAMELA JOY BINDER, | CIVIL ACTION NO. 06-1191 |
| | Hon. William J. Martini, U.S.D.J. |
| Plaintiffs, | Hon. Ronald J. Hedges, U.S.M.J. |
| v. | |
| WALT DISNEY WORLD CO., AND/OR WDW HOSPITALITY & RECREATION CORP. AND/OR ABC CORPORATION #1-10 AND/OR THEIR AGENTS, REPRESENTATIVES AND/OR EMPLOYEES, JOHN DOES #1-10, | **JOINT DISCOVERY PLAN** |
| Defendants. | |

1.  Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

    DRINKER BIDDLE & REATH LLP
    A Limited Liability Partnership
    James M. Altieri (JA9733) james.altieri@dbr.com
    Stacey P. Rappaport (SR4359) stacey.rappaport@dbr.com
    500 Campus Drive
    Florham Park, New Jersey 07932
    Ph. (973) 360-1100
    Fax (973) 360-9831
    Attorneys for Defendant,
    Walt Disney World Hospitality & Recreation Corporation
    (Walt Disney World Co. has been dismissed)

LEVINSON AXELROD
Adam L. Rothenberg (AR1503) Rothenberg@njlawyers.com
Levinson Plaza
2 Lincoln Highway
P.O. Box 2905
Edison, NJ 08818-2905
Ph. (732) 494-2727
Fax (732) 494-2712
Attorneys for Plaintiffs
Marianne Brigando and Pamela Joy Binder

2. Set forth a brief description of the case, including the causes of action and affirmative defenses asserted.

 Plaintiffs claim that defendant negligently and recklessly operated, maintained and supervised the Splash Mountain log flume attraction at Walt Disney World in Orlando, Florida. Ms. Brigando alleges that she was injured on the ride, and Ms. Binder alleges loss of consortium. Defendant denies plaintiffs' claims, and asserts that Ms. Brigando assumed the risk of injury and that her injuries, if any, were caused by her own negligence. Defendant further maintains that Ms. Binder's *per quod* claim is not cognizable under New Jersey law.

3. Has this action been:   Settled - No    Discontinued - No

 If so, has there been a Stipulation/Dismissal filed?

4. Have settlement discussions taken place?    No. Defendant has twice requested a demand, but plaintiffs have not made one.

 If so when?

 (a) What was plaintiff's last demand?

  (1) Monetary demand:
  (2) Non-monetary demand:

 (b) What was defendant's last offer?

  (1) Monetary offer:
  (2) Non-monetary offer:

5. The parties [have ___X__ have not __ exchanged the information required by Fed.R.Civ.P. 26(a)(1). If not, state the reason therefor.

   Defendant served its Rule 26(a)(1) on April 28. Plaintiffs have provided answers to interrogatories which cover all Rule 26 topics.

6. Explain any problems in connection with completing the disclosures required by Fed.R.Civ.P. 26(a)(1).

   None

7. The parties [have __X___ have not _____] conducted discovery other than the above disclosures. If so, describe.

   This case originated in state court, and the parties have exchanged written discovery, but written discovery is not yet complete.

8. The parties [have __X__ have not _____] met pursuant to Fed.R.Civ.P. 26(f).

   (a) If not, state the reason therefor.

   (b) If so, state the date of the meeting and the persons in attendance.

   Stacey Rappaport and Adam Rothenberg conferred on May 26, 2006.

9. The following [is _X___ is not _____] a proposed joint discovery plan.

   (a) Discovery is needed on the following subjects:

   Plaintiff will need extensive discovery on design, operation, policy and the incident as observed and reported.
   Defendant needs discovery regarding damages.

   (b) Discovery [should _____ should not __X__] be conducted in phases or be limited to particular issues. Explain.

   (c) Maximum of 5 additional interrogatories by each party to each other party, including subparts.

   (d) Maximum of 10 depositions to be taken by each party.

   (e) Plaintiff's expert report due on: November 15, 2006

   (f) Defendant's expert report due on: December 31, 2006

 (g) Motions to amend or to add parties to be filed by September 1, 2006.

 (h) Dispositive motions to be served within 45 days of completion of discovery.

 (i) Factual discovery to be completed by September 30, 2006.

 (j) Expert discovery to be completed by January 31, 2007.

 (k) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders: Inspections at the site of the boat involved in the accident as well as of the ride involved which will involve closing the ride from the public.

 (k) A pretrial conference may take place on:

10. Do you anticipate any discovery problem(s)? Yes

If so, explain.

Before defendant removed the case, the parties filed cross-motions regarding discovery. Plaintiffs seek further responses to interrogatories and document requests, and defendant seeks to compel plaintiffs to appear for deposition and the entry of a protective order respecting its confidential and proprietary documents.

11. Do you anticipate any special discovery needs (i.e, videotape/telephone depositions; problems with out-of-state witnesses or documents, etc.)? No

If so, explain.

12. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise), mediation (pursuant to Local Civil Rule 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

Perhaps, at the close of discovery.

13. Is this case appropriate for bifurcation? No

14. An interim status/settlement conference (with clients in attendance), should be held in September 2006.

15.   We [do _____ do not _____] consent to the trial being conducted by a Magistrate Judge.

Parties are conferring and intend to advise or reach a decision at the initial conference.


_____       _____
Attorneys for Plaintiffs                                          Date:

_____       _____
*E. Rappaport*                                                       5/31/06
Attorneys for Defendant                                       Date:

5

15. We [do _____ do not _____] consent to the trial being conducted by a Magistrate Judge.

Parties are conferring and intend to advise or reach a decision at the initial conference.

_____          5/31/06
Attorneys for Plaintiffs                  _____
                                          Date:

_____          _____
Attorneys for Defendant                   Date:

5

SFNJ1 1120948v1