LEVINSON AXELROD, P.A.
Adam L. Rothenberg, Esq.
*Levinson Plaza*
2 Lincoln Highway, P.O. Box 2905
Edison, NJ  08818
(732) 494-2727
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## NEWARK, NEW JERSEY

| | | |
|---|---|---|
| MARIANNE BRIGANDO and PAMELA JOY BINDER, | : | CIVIL ACTION NO. 06-1191 (WJM-SRC) |
| | : | |
| Plaintiffs, | : | |
| | : | Honorable William J. Martini, U.S.D.J. |
| vs. | : | |
| | : | |
| WALT DISNEY WORLD CO., AND/OR WDW HOSPITALITY & RECREATION CORP. AND/OR ABC CORPORATION #1-10 AND/OR THEIR AGENTS, REPRESENTATIVES, AND/OR EMPLOYEES, JOHN DOES #1-10 | : | Return Date: September 11, 2006 |
| | : | |
| Defendants. | : | |

---

## BRIEF IN SUPPORT OF THE PLAINTIFFS' OPPOSITION TO THE DEFENDANT'S MOTION FOR RECONSIDERATION

---

On the brief:  Adam L. Rothenberg, Esq.
            Attorney for Plaintiffs

## TABLE OF CONTENTS

TABLE OF CONTENTS…………………………………………………………………..i

TABLE OF AUTHORITIES…………………………………………………………...ii

STATEMENT OF FACTS…………………………………………………………..1

LEGAL ARGUMENT

    THE DEFENDANT'S MOTION FOR RECONSIDERATION SHOULD BE DENIED
    BECAUSE THERE IS NO SHOWING OF A MANIFEST ERROR OF LAW OR FACT
    AND NO NEWLY DISCOVERED EVIDENCE HAS BEEN PRESENTED………………3

CONCLUSION…………………………………………………………………………9

# TABLE OF AUTHORITIES

## Cases

*Assisted Living Associates of Moorestown, L.L.C. v. Moorestown Township*,
996 F.Supp. 409 (D.N.J. 1998)……………………………………………………....5

*Bermingham v. Sony Corp. of America, Inc.*,
820 F.Supp. 834 (D.N.J. 1992), *aff'd*, 37 F.3d 1485 (3rd Cir. 1994)……….……………..3, 5

*Cheeves v. Southern Clays, Inc.*, 128 F.R.D. 128 (M.D. Ga. 1989)………………………………7

*Conoco Inc. v. United States Department of Justice*, 687 F.2d 724 (3rd Cir. 1982)………......5, 6

*George v. Siemens Industrial Automation, Inc.*, 182 F.R.D. 134 (D.N.J. 1998)…………..…….6, 7

*Harding v. Dana Transport, Inc.*, 914 F.Supp. 1084 (D.N.J. 1996)……………………..……..5

*Holmes v. Pension Plan of Bethlehem Steel Corp.* 213 F.3d 124 (3rd Cir. 2000)…………..…….6

*In re Ford Motor Co.*, 110 F.3d 954 (3rd Cir. 1997)………………………………..…………...5

*In re Gabapentin Patent Litigation*, 432 F.Supp.2d 461 (D.N.J. 2003)………………………..3

*Khair v. Campbell Soup Co.*, 893 F.Supp. 316 (D.N.J. 1995)………………………………….3

*Maldonado v. Lucca*, 636 F.Supp. 621 (D.N.J. 1986)……………………………………………3

*Maertin v. Armstrong World Industries, Inc.*, 172 F.R.D. 143 (D.N.J. 1997)……………………6

*Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252 (3rd Cir. 1993)…………………...6

*NL Industries, Inc. v. Commercial Union Ins. Co.*, 935 F.Supp. 513 (D.N.J. 1996)………….....3

*Rambus, Inc. v. Infineon Technologies AG*, 220 F.R.D. 264 (E.D. Va. 2004)…………………...7

*Reich v. Hercules, Inc.*, 857 F.Supp. 367 (D.N.J. 1994)……………………………………….6

*Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F.Supp. 826 (D.N.J. 1992)……………………3

*United States v. Ernstoff*, 183 F.R.D. 148 (D.N.J. 1998)…………………………….…………6, 8

*United States v. Rockwell International*, 897 F.2d 1255 (3rd Cir. 1990)…………………………7

*Whitman v. United States*, 108 F.R.D. 5 (D.N.J. 1985)…………………….…...…………………6, 7

## <u>Rules</u>

*Fed.R.Civ.P.* 26(b)(3)……………………………………………………………………5

*Local Civil Rule* 7.1(i)……………………………………………………………...3

## STATEMENT OF FACTS

This matter involves injuries Marianne Brigando sustained while a passenger on one of the defendant's rides at its Magic Kingdome Theme Park.  A Complaint was filed on the plaintiffs' behalf in New Jersey State Superior Court.  The defendant subsequently removed this state law claim to federal court based upon diversity of jurisdiction.

Since the inception of this litigation, there has been a discovery dispute over statements of two of two of the defendant's employees taken by another employee.  Thus, before this matter was removed to federal court, the plaintiff filed a motion to compel the defendant to produce, among other items, these statements.  *See*, Exhibit A.  In response, the defendant filed a cross-motion/opposition to the plaintiff's discovery motion.  *See*, Exhibit B.  However, the defendant's opposition papers did not include a certification from Michelle Ramsey or any argument on the work product privilege.  *Id.*  This matter was removed by the defendant before the motions were resolved.  Although the motions were not refiled in federal court, the defendant's opposition papers were forwarded to the Honorable Ronald J. Hedges.  *See*, Exhibit C.

A Rule 16 Conference was held on June 15, 2006.  At this Conference, the ongoing discovery disputes were raised and Judge Hedges ordered the parties to try and resolve the disputes on their own.  When the parties could not resolve their disputes, a hearing was held on July 5, 2006 before Judge Hedges.  *See*, Exhibit D.  Although the defendant knew that there was a dispute over the discoverability of the statements, it never supplemented its opposition with additional legal arguments or with the certification from Michelle Ramsey.  After the parties fully argued their positions on the disputed discovery issues, Judge Hedges ruled that the statements were discoverable and entered an Order dated July 6, 2006 compelling the defendant to turn over the statements to the plaintiff.  It is only after Judge Hedges ruled upon the discovery dispute that the

defendant submits a certification from its employee claiming that the statements were taken in anticipation of litigation.  There is no reason why this certification could not have been presented to Judge Hedges.

   The certification that the defendant now offers shows that one of the defendant's employees took statements from two employees who responded to the scene of Ms. Brigando's accident. *See*, Certification of Michelle Ramsey.  While Ms. Ramsey indicates that her department falls under the Disney legal department, her certification is noticeably absent of any claim that she took the statements at the direction of an attorney.  *Id.*  Rather, she claims that such statements are "typically" taken a notice is received that a claim "may" arise out of an incident.  *Id.*  She further claims that the statements were taken in response to two letters from the plaintiffs' counsel.  *Id.*  These two letters do not contain any language indicating a threat of litigation.  The first letter merely advises of counsel's representation and seeks the preservation of evidence. *See*, Exhibit A of Ramsey Certification.  The second letter again sought preservation of evidence and denied the defendant's request to take a statement of Ms. Brigando.  *Id.*  Instead of the statement, counsel agreed to allow the defendant's attorney to conduct a deposition in lieu of that would be taken during any "potential" litigation.  *Id.*

**LEGAL ARGUMENT**

**THE DEFENDANT'S MOTION FOR RECONSIDERATION SHOULD BE DENIED BECAUSE THERE IS NO SHOWING OF A MANIFEST ERROR OF LAW OR FACT AND NO NEWLY DISCOVERED EVIDENCE HAS BEEN PRESENTED.**

The defendant seeks reconsideration of the Honorable Ronald J. Hedges' July 6, 2006 Order directing the defendant to produce the recorded statements of Charles Love and Jason Nagassar. Reconsideration of a prior order pursuant to *Local Civil Rule* 7.1(i) is an "extraordinary remedy" and should be "sparingly granted." *NL Industries, Inc. v. Commercial Union Ins. Co.*, 935 F.Supp. 513, 516 (D.N.J. 1996); *Maldonado v. Lucca*, 636 F.Supp. 621, 630 (D.N.J. 1986). A "motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before." *Bermingham v. Sony Corp. of America, Inc.*, 820 F.Supp. 834, 856-857 (D.N.J. 1992), *aff'd*, 37 F.3d 1485 (3rd Cir. 1994). "[T]he rule permits reconsideration <u>only</u> when 'dispositive factual matters or controlling decisions of law' <u>were presented</u> to the court but were overlooked." *In re Gabapentin Patent Litigation*, 432 F.Supp.2d 461, 463 (D.N.J. 2003)(emphasis added), citing, *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F.Supp. 826, 831 (D.N.J. 1992); *Khair v. Campbell Soup Co.*, 893 F.Supp. 316, 337 (D.N.J. 1995). Accordingly, relief under *local Civil Rule* 7.1(i) is not available where the evidence provided in support of such a motion was available but was not submitted in connection with the previous motion.

In the present matter, the dispute over the discoverability of the statements did not arise on the spur of the moment at a case management conference. When this matter was removed to federal court, there were cross-motions to compel discovery pending before the New Jersey Superior Court. The plaintiffs' motion sought an Order compelling the defendant to turn over, among other items, the statements of Mr. Love and Mr. Nagassar. *See*, Exhibit A. While the defendant

filed an opposition to the plaintiff's motion, the opposition did not contain any argument on attorney work product.  *See*, Exhibit B.  The defendant's opposition papers were subsequently forwarded to Judge Hedges.  *See*, Exhibit C.  In spite of the fact that it knew that there was a dispute over the discoverability of the statements, the defendant never supplemented its opposition with additional legal arguments or facts prior to the July 5, 2006 conference before Judge Hedges.  It is only after Judge Hedges ruled upon the discovery dispute that the defendant submits a certification from its employee claiming that the statements were taken in anticipation of litigation.  There is no reason why this certification could not have been presented to Judge Hedges.

The plaintiff respectfully submits that the defendant's motion for reconsideration should be denied because the undated certification of Michelle Ramsey was not submitted in the first instance.  While there was no formal motion regarding the discovery dispute filed in federal court, the dispute had been pending for quite awhile.  A formal motion was submitted to State Court seeking to compel the defendant to produce the statements.  The defendant filed an opposition without the certification of Ms. Ramsey.  These motion papers were then submitted to Judge Hedges.  The discovery dispute was then discussed at a Rule 16 conference on June 15, 2006.  Finally, because the parties were unable to resolve the dispute on their own, they appeared before Judge Hedges on July 5, 2006 to obtain a ruling on these disputes.  Although the defendant could have submitted Ms. Ramsey's certification to Judge Hedges any time before the July 5, 2006 hearing, it chose to argue the dispute without this evidence.  This is not newly discovered evidence and could have been submitted to the Court prior to the entry of the July 6, 2006 Order.  Accordingly, the defendant's motion for reconsideration should be denied.  As

previously mentioned, a "motion for reconsideration is not a vehicle … to present evidence which should have been raised before." *Bermingham*, 820 F.Supp. at 856-867.

Even if it is determined that Judge Hedges overlooked facts and law because it was never offered by the defendant prior to the July 6, 2006 Order, the defendant's motion for reconsideration should still be denied.   "The Court will only entertain [a motion for reconsideration] where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion." *Assisted Living Associates of Moorestown, L.L.C. v. Moorestown Township*, 996 F.Supp. 409, 442 (D.N.J. 1998).  Here, the defendant is asking the Court to reconsider a prior Order ruling that the recorded statements of two of the defendant's employees are not privileged work product and are discoverable.  In support of its motion, the defendant attaches a certification of the individual who took the statements and submits a legal memorandum.  It is respectfully submitted that the same decision would have been rendered had these materials been submitted to the Court prior to the July 5, 2006 hearing.

The work product doctrine provides a limited protection of an attorney's trial preparation materials and thoughts from discovery.  *Harding v. Dana Transport, Inc.*, 914 F.Supp. 1084, 1097 (D.N.J. 1996).  The doctrine, codified by *Fed.R.Civ.P.* 26(b)(3), "is designed to promote the adversarial process by maintaining the confidentiality of documents prepared by or for attorneys in anticipation of litigation." *In re Ford Motor Co.*, 110 F.3d 954, 963 (3rd Cir. 1997). Since the defendant is the party asserting the privilege, it is saddled with the burden of proving that the statements of its employees are protected attorney work product.  *Conoco Inc. v. United States Department of Justice*, 687 F.2d 724, 730 (3rd Cir. 1982).

The plain terms of *Rule* 26(b)(3) limit the work product privilege to materials "prepared in anticipation of litigation or for trial[.]"  The relevant inquiry for determining whether material

was prepared in anticipation of litigation is "whether in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252, 1258 (3rd Cir. 1993). Although the privilege extends to materials collected before litigation actually commences, the mere possibility of future litigation is not sufficient to meet the in anticipation of litigation standard. *George v. Siemens Industrial Automation, Inc.*, 182 F.R.D. 134, 141 (D.N.J. 1998). Rather, an identifiable specific claim or impending litigation must exist at the time the materials were prepared. *Maertin v. Armstrong World Industries, Inc.*, 172 F.R.D. 143 (D.N.J. 1997). "[T]he mere fact that litigation did in fact occur, that a party has consulted or retained an attorney, that a party has undertaken investigation, or engage in negotiations over the claim, is not enough to establish a reasonable anticipation of litigation under *Rule* 26(b)(3)." *United States v. Ernstoff*, 183 F.R.D. 148, 155 (D.N.J. 1998)(internal citations omitted).

Even if litigation was reasonably anticipated, "[w]ork product prepared in the ordinary course of business is not immune from discovery." *Holmes v. Pension Plan of Bethlehem Steel Corp*. 213 F.3d 124, 138 (3rd Cir. 2000). Therefore, material obtained at a time when litigation was justifiably anticipated is not work product if it was produced in the ordinary course of the party's business. *Ernstoff*, 183 F.R.D. at 156. The party asserting the work product privilege must also show that the materials were prepared at the direction of an attorney. *Whitman v. United States*, 108 F.R.D. 5, 9 (D.N.J. 1985); *Reich v. Hercules, Inc.*, 857 F.Supp. 367 (D.N.J. 1994) (noting that audit reports that did not qualify as work product may have qualified if they were prepared at the direction of an attorney); *Conoco Inc.*, 687 F.2d at 730(concluding that a party did not establish that material was work product partially because the party "failed to establish that the

document was prepared by or at the direction of an attorney"); *United States v. Rockwell International*, 897 F.2d 1255, 1266 (3rd Cir. 1990)(stating that "the most obvious question to arise is whether the documents in the free reserve file were created by attorneys" when determining if documents qualified as work product); *Rambus, Inc. v. Infineon Technologies AG*, 220 F.R.D. 264, 272 (E.D. Va. 2004); *Cheeves v. Southern Clays, Inc.*, 128 F.R.D. 128, 131 (M.D. Ga. 1989). Thus, materials prepared in the ordinary course of business "and not at the direction of attorneys are not protected by the work product rule." *Whitman*, 108 F.R.D. at 9.

In the present matter, the new evidence submitted by the defendant still does not prove that the statements of its employees are protected attorney work product. According to the defendant's proofs, one of its employees took statements from its employees who responded to the scene of Ms. Brigando's accident. *See*, Certification of Michelle Ramsey. The employee who took the statements does not indicate that they were taken at the direction of an attorney. *Id.* Rather, she claims that such statements are "typically" taken a notice is received that a claim "may" arise out of an incident. *Id.* However, in order to hide behind the work product shield, the defendant must show more than the mere possibility of future litigation. *George*, 182 F.R.D. at 141. Furthermore, the fact that the defendant's employees typically take such statements indicates that the material was obtained in the ordinary course of business. Materials prepared in the ordinary course of business "and not at the direction of attorneys are not protected by the work product rule." *Whitman*, 108 F.R.D. at 9.

The mere fact that plaintiffs' counsel sent two letters to the defendant advising of his representation alone does not satisfy the reasonable anticipation test. *See: Holmes*, 213 F.3d at 139. As previously mentioned, "the mere fact that litigation did in fact occur, that a party has consulted or retained an attorney, that a party has undertaken investigation, or engage in

negotiations over the claim, is not enough to establish a reasonable anticipation of litigation under *Rule* 26(b)(3)." *Ernstoff*, 183 F.R.D. at 155 (internal citations omitted). Furthermore, the letters do not contain any language indicating a threat of litigation. The first letter merely advises of counsel's representation and seeks the preservation of evidence. *See*, Exhibit A of Ramsey Certification. Notably absent from this letter is any language indicating that a claim was being made at that time. *Id.* Similarly, the second letter does not indicate that litigation was likely. *See*, Exhibit B of Ramsey Certification. The letter simply sought preservation of evidence and denied the defendant's request to take a statement of Ms. Brigando. *Id.* Instead of the statement, counsel agreed to allow the defendant's attorney to conduct a deposition in lieu of that would be taken during any "potential" litigation. *Id.* Again, the defendant must show more than the likelihood of litigation for work product protection. *Ernstoff*, 183 F.R.D. at 155. Accordingly, the plaintiff respectfully submits that the statements of the two employees are not work product and Judge Hedges properly ruled that the defendant must produce them in discovery.

## CONCLUSION

Based upon the foregoing facts and law, the plaintiff respectfully requests that the defendant's motion for reconsideration be denied.

Respectfully submitted,

Levinson Axelrod, P.A.
Attorneys for the Plaintiffs


___s/Adam L. Rothenberg_____
By: Adam L. Rothenberg

Dated: August 25, 2006