

DrinkerBiddle&Reath
A Pennsylvania Limited Liability Partnership L L P

Lauren D. Godfrey
973-549-7095
lauren.godfrey@dbr.com

*Law Offices*

500 Campus Drive
Florham Park, NJ
07932-1047

973-360-1100
973-360-9831 fax
www.drinkerbiddle.com

PHILADELPHIA
NEW YORK
WASHINGTON
LOS ANGELES
SAN FRANCISCO
CHICAGO
PRINCETON
BERWYN
WILMINGTON

*Daniel F. O'Connell,*
*Partner responsible for*
*Florham Park Office*

*Established*
*1849*

September 12, 2006

Honorable Claire Cecchi, U.S.M.J.
Martin Luther King Jr. Federal Building
    and US Courthouse
50 Walnut Street
Room 2064
Newark, New Jersey 07102

Re:     Brigando v. Walt Disney World Co., et al.
        Civil Action. No. 06-1191 (WJM-RJH)

Dear Judge Cecchi:

We represent the defendant, Walt Disney World Hospitality & Recreation Corporation ("HRC"), in this matter. As permitted by Your Honor, HRC respectfully submits this letter reply brief in further support of HRC's motion for reconsideration of Magistrate Ronald J. Hedges's July 6, 2006 Order, pursuant to L. Civ. R. 7.1(i).

I.      Preliminary Statement

When HRC prepared its motion for reconsideration, it did not have the benefit of the Transcript of the hearing that was held before Magistrate Hedges on July 5, 2006.[1] The Transcript demonstrates that Judge Hedges permitted HRC to submit further evidence in support of its claim that the statements of Charles Love and Jason Nagassar are protected by the attorney work product doctrine. (T26:17-19; 27:5-7). Judge Hedges also indicated that he would conduct an *in camera* review of the documents, if necessary. (T26:7-9). Thus, the only issue left to be decided on this motion is whether the recorded

---

[1] The Transcript is attached as Exhibit D to the Certification of Adam L. Rothenberg, submitted in support of plaintiffs' opposition to HRC's motion for reconsideration.

DrinkerBiddle&Reath
L L P

The Honorable Claire Cecchi, U.S.M.J.
September 12, 2006
Page 2

statements of Charles Love, taken on August 25, 2004, and Jason Nagassar, taken on

October 21, 2004, are protected from disclosure by the attorney work product doctrine.

As demonstrated by the Certification of Michelle Ramsey, the answer to this

question is "yes," for two reasons.  First, Ms. Ramsey reasonably believed that litigation

was imminent because plaintiffs' attorney's letters dated July 14, 2004 and August 9,

2004 1) placed HRC on notice that plaintiffs were making a claim for personal injuries;

2) demanded that HRC preserve relevant evidence; 3) requested that HRC produce

documents; and 4) suggested that HRC take Ms. Brigando's deposition prior to potential

litigation.  (Ramsey Cert., ¶7, Exhibits A and C).  Second, the statements were not

prepared in the ordinary course of HRC's business because Ms. Ramsey would not have

taken the statements if she had not received plaintiffs' counsel's letters.  (Ramsey Cert.,

¶7).  Upon receiving the letters, Ms. Ramsey, a claims representative who reports directly

to Walt Disney World's Legal Department, believed that litigation was imminent and

prudently began to investigate plaintiffs' claims by taking the recorded statements in

anticipation of litigation.  (Id.).  Consequently, the recorded statements of Charles Love

and Jason Nagassar are protected from disclosure by the attorney work product doctrine

and HRC should not be required to produce them in discovery.

DrinkerBiddle&Reath
L L P

The Honorable Claire Cecchi, U.S.M.J.
September 12, 2006
Page 3

II.      <u>Argument</u>

        A.     Reconsideration should be granted because Judge Hedges
gave HRC express permission to prove its claim that the statements
<u>are protected by the attorney work product doctrine.</u>

HRC's motion for reconsideration should be granted for two simple reasons:

Judge Hedges 1) gave HRC permission to submit an affidavit, subsequent to the hearing,

if HRC wished to pursue its attorney work product claim with respect to the witness

statements of Charles Love and Jason Nagassar (T26:17-19; 27:5-7); and 2) stated on the

record that he would conduct an *in camera* review of the statements, if necessary.

(T26:7-9).

    In the brief in support of its motion, HRC asserts that Judge Hedges did not have

the opportunity to consider all of the relevant facts necessary to determine whether the

documents were prepared in anticipation of litigation, or review the statements *in camera*

before making his ruling. <u>See</u> HRC's Br. at p. 7. The Transcript supports this assertion.

(T26:7-9, 17-19; 27:5-7). Accordingly, HRC's motion is entirely appropriate and should

be granted.

        B.     The recorded statements are protected from disclosure by
<u>the attorney work product doctrine.</u>

    As set forth in HRC's moving brief, the recorded statements of Charles Love and

Jason Nagassar are protected from disclosure because Ms. Ramsey's Certification

satisfies the two-part test applied by Courts in the Third Circuit to determine whether

documents should be protected from disclosure by the attorney work product doctrine.

DrinkerBiddle&Reath
L L P

The Honorable Claire Cecchi, U.S.M.J.
September 12, 2006
Page 4

See In re: Gabapentin Patent Litigation, 214 F.R.D. 178, 183-84 (D.N.J. 2003) (citations omitted). First, it was entirely reasonable for Ms. Ramsey to believe litigation was imminent when she received plaintiffs' counsel's July 14 and August 9, 2004 letters because they 1) placed HRC on notice that plaintiffs were making a claim for personal injuries; 2) demanded that HRC preserve relevant evidence; 3) requested that HRC produce documents; and 4) suggested that HRC take Ms. Brigando's deposition pre-suit. (Ramsey Cert., ¶7, Exhibits A and C). Second, Ms. Ramsey did not take the statements in the ordinary course of HRC's business because she would not have conducted the interviews if she had not received plaintiffs' counsel's correspondence. (Ramsey Cert., ¶7).

Here, plaintiffs want it both ways. First, they put HRC on notice of Ms. Brigando's claim for personal injuries through their attorney, demanding that HRC preserve relevant evidence. Then, when HRC begins to prepare its own case for litigation by taking the statements of its employees, plaintiffs claim that HRC could not have reasonably anticipated litigation at that time. Because HRC had a duty to preserve relevant evidence when it received plaintiffs' counsel's July 14, 2004 letter demand, it follows that HRC had every reason to anticipate litigation at that point in time and to begin preparing its case. See, e.g., Ruta v. Delta Air Lines, Inc., 324 F. Supp. 2d 524, 526-27 (S.D.N.Y. 2004) (concluding that defendant was on notice one month after the incident that litigation was likely to ensue when it received plaintiff's counsel's demand letter to preserve relevant evidence and noting Magistrate's decision that a report

DrinkerBiddle&Reath
L L P

The Honorable Claire Cecchi, U.S.M.J.
September 12, 2006
Page 5

prepared by the defendant employee approximately one month after notice was received was work product and not discoverable).

At the hearing, Judge Hedges ruled that HRC must produce an incident report that was prepared on the date of the accident. (T37:5 - 38:1). HRC does not dispute that ruling. However, the incident report and the recorded statements were taken under different circumstances – the incident report was prepared <u>before</u> HRC anticipated this litigation and the witness statements were taken <u>after</u> HRC anticipated this litigation. (Ramsey Cert., ¶¶6 and 7). But for HRC having received Mr. Rothenberg's letters, Ms. Ramsey would not have taken Mr. Love's and Mr. Nagassar's statements in anticipation of litigation (<u>Id.</u>).

Finally, plaintiffs' opposition erroneously asserts that the recorded statements were not taken at the direction of an attorney. Plaintiffs omit from their papers any mention of Ms. Ramsey's statements in her Certification that as a claims representative in the Guest Claims Department, she reports directly to the Walt Disney World Legal Department. (Ramsey Cert., ¶7). One of her responsibilities as a claims representative is to conduct investigations, including interviews of employee witnesses, when she has received sufficient notice that a claim or litigation may arise from an alleged incident. (<u>Id.</u>). In this particular case, Mr. Rothenberg's letters provided clear and express notice to her that litigation was "assured, if not imminent" because Mr. Rothenberg referred to future depositions and asked Ms. Ramsey to produce certain documents. (<u>Id.</u>). Under the facts of this case, Ms. Ramsey's belief that litigation was imminent was reasonable and

DrinkerBiddle&Reath
L L P

The Honorable Claire Cecchi, U.S.M.J.
September 12, 2006
Page 6

she prudently conducted the interviews of Mr. Love and Mr. Nagassar for use in litigation.

For the foregoing reasons, HRC respectfully urges this Court to grant its motion for reconsideration and to vacate that portion of Judge Hedges' ruling which requires HRC to produce the witness statements of Charles Love and Jason Nagassar.

Respectfully submitted,

/s/ Lauren D. Godfrey

Lauren D. Godfrey (LG 2080)

LDG
cc:     Adam Rothenberg, Esq.