NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MARIANNE BRIGANDO and PAMELA JOY BINDER, | : : : | Civil Action No. 06-1191 (SRC) |
| Plaintiffs, | : : | **OPINION** |
| v. | : : | |
| WALT DISNEY WORLD CO. and/or WDW HOSPITALITY & RECREATION CORP., et al., | : : : | |
| Defendants. | : : : : | |

**CHESLER**, District Judge

This matter comes before the Court upon the motion to dismiss the Third Count of Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(c) [docket item # 20]. The Court has reviewed the papers submitted by the parties. It rules based on those submissions pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the motion to dismiss will be granted.

**I.    BACKGROUND**

This personal injury action arises out of an incident that occurred on June 17, 2004. On that date, Plaintiff Marianne Brigando sustained injuries while riding the Splash Mountain

attraction at Walt Disney World in Orlando, Florida.  Based on this incident, Ms. Brigando has asserted claims for negligence and punitive damages.

The Third Count of the Complaint purports to assert a loss of consortium claim by Plaintiff Pamela Joy Binder.  The Complaint states that Ms. Binder stands in the relation of "life partner" to Ms. Brigando "at the time of the accident and down to the present date."  Plaintiffs are registered as domestic partners under the New Jersey Domestic Partnership Act, N.J.S.A. § 26:8A-1, et seq., but concede that they were not so registered at the time of the accident.  They also concede that they are not now, nor have ever been in a civil union pursuant to New Jersey's civil union statute, N.J.S.A. § 37:1-28.

Plaintiffs filed the instant action in the Superior Court of New Jersey, Law Division, on or about April 7, 2005.  Defendant Walt Disney World Hospitality & Recreation Corporation ("HRC") removed it to this Court on March 7, 2006.  HRC filed an Answer to the Complaint and now moves to dismiss the Third Count of the Complaint pursuant to Federal Rule of Civil Procedure 12(c) for failure to state a claim upon which relief may be granted.

II.   LEGAL ANALYSIS

A.   **Standard of Review**

Pursuant to Federal Rule of Civil Procedure 12(c), a defendant may move to dismiss a Complaint after filing an Answer.  Doe v. Div. of Youth & Family Svcs., 148 F.Supp.2d 462, 497 (D.N.J. 2001).  "The standard for determining a motion for judgment on the pleadings under Rule 12(cc) is the same standard used for deciding a motion to dismiss, pursuant to Rule 12(b)(6)."  In re K-Dur Antitrust Litig., 338 F.Supp.2d 517, 528 (D.N.J. 2004).   A motion to

dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests.  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint will survive a motion under Rule 12(b)(6) only if it states plausible grounds for plaintiff's entitlement to the relief sought.  Id. at 1965-66 (abrogating Conley's standard that the "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").  In other words, it must contain sufficient factual allegations to raise a right to relief above the speculative level.  Id. at 1965. The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims."  Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

**B.**   **Discussion**

The fundamental flaw with Plaintiffs' loss of consortium claim is that Plaintiffs are not married or joined in a civil union pursuant to New Jersey statutory law, nor were they at the time of the subject accident.  It is axiomatic that, under New Jersey law, marriage is an essential

element of a "per quod" or loss of consortium claim.[1]  Schroeder v. Boeing Commercial Airplane Co., 712 F.Supp. 39, 43 (D.N.J. 1989) ("a valid marriage is a prerequisite to establish a claim for loss of consortium"); Maudsley v. State of New Jersey, 357 N.J. Super. 560, 588 (App. Div. 2003); Sykes v. Zook Enters., Inc., 215 N.J.Super. 461, 465 (Law Div. 1987), aff'd sub. nom. Sykes v. Propane Power Corp., 224 N.J.Super. 686 (App.Div. 1988) ("In New Jersey, a claim for loss of consortium must be founded upon a marriage relation"); Leonardis v. Morton Chem. Co., 184 N.J.Super. 10, 11, 445 A.2d 45 (App.Div. 1982) ("The right of recovery for loss of consortium resulting to a wife by reason of an injury to her husband, is founded upon the marriage relation. Absent such a relationship, the right does not exist, and thus no recovery may be had for loss thereof.").  In fact, New Jersey law will not recognize a loss of consortium claim unless the partner or companion was married to the injured person at the time that the injury occurred.  See Schroeder, 712 F.Supp. at 40 (citing Mead v. Baum, 76 N.J.L. 337, 342-43 (1908)).

---

[1] Although the litigated incident occurred in Florida, the parties have presented arguments to the Court based on New Jersey law. The Court finds it appropriate to apply the law of the state of New Jersey to resolve this motion.  As a federal court sitting in diversity jurisdiction, this Court must apply the substantive law of the forum state.  Erie v. Tompkins, 304 U.S. 64, 78 (1938); Lafferty v. St. Riel, 495 F.3d 72, 72 (3d Cir. 2007).  This principle includes applying the forum state's choice of law rules.  LeJeune v. Bliss-Salem, Inc., 85 F.3d 1069, 1071 (3d Cir. 1996).  "Under the two-step New Jersey choice-of-law analysis, the first step involves determining whether a conflict exists between the law of the interested states."  Vital State Canada Ltd. v. DreamPak LLC, 303 F.Supp.2d 516, 520-21 (D.N.J. 2003).  If no conflict exists, the Court applies the law of the forum state.  Danka Funding, LLC v. Page, Scrantom, Sprouse, Tucker & Ford, P.C., 21 F.Supp.2d 465, 469 (D.N.J. 1998).  Florida does not recognize a loss of consortium claim if the individual asserting it was not married to the injured party at the time of the incident which allegedly caused the injury.  Tremblay v. Carter, 390 So.2d 816, 817-18 (Fl. Ct. App. 1980).  For reasons discussed in this Opinion, the Court finds that no conflict exists between the laws of New Jersey and Florida regarding the availability of a loss of consortium claim.

Insofar as it would be applicable to Plaintiffs, who are in a homosexual relationship, the right to bring a loss of consortium cause of action exists by virtue of the New Jersey's civil union statute, N.J.S.A. § 37:1-28, et seq. The statute defines a "civil union" as the "legally recognized union of two eligible individuals of the same sex established pursuant to this act." N.J.S.A. § 37:1-29. It extends to persons joined in a civil union "the same benefits and protections and . . . the same responsibilities as spouses in a marriage." Id. The statute specifically entitles persons joined in a civil union to pursue "causes of action related to or dependent upon spousal status, including an action for wrongful death, emotional distress, *loss of consortium*, or other torts or actions under contracts reciting, related to, or dependent upon spousal status." N.J.S.A. § 37:1-32(b) (emphasis added). The legislation took effect on February 19, 2007.

It follows that it would have been a legal impossibility for Plaintiffs to be in a civil union at the time of the subject incident, that is, on June 17, 2004. Thus, the allegedly injured party's life-partner, Ms. Binder, does not possess the legally cognizable right to assert a cause of action for loss of consortium. The Court, moreover, need not issue any opinion as to whether the New Jersey Legislature intended the civil union statute to have some kind of retroactive effect. Plaintiffs are not now, nor have ever been, joined in a civil union.

Perhaps in recognition of this relief-barring limitation, Plaintiffs try to wrest the right to bring a loss of consortium claim from the New Jersey Domestic Partnership Act, N.J.S.A. § 26:8A-1, et seq. ("DPA"). Their effort to salvage the claim fails for two reasons:

One, the language of the DPA as well as the New Jersey Supreme Court's interpretation of the statute make clear that the DPA did not extend the right to bring a loss of consortium claim

to couples in a registered domestic partnership.  Before the civil union statute became effective,

the DPA allowed two persons of the same sex to register as "domestic partners" in accordance

with the requirements of the DPA.  <u>N.J.S.A.</u> § 26:8A-4 (setting forth requirements for

establishment of domestic partnership); <u>N.J.S.A.</u> § 26:8A-4.1 (providing that no domestic

partnerships shall be registered after civil union statute takes effect, but that domestic

partnerships established before that date shall continued to be recognized).  Pursuant to the terms

of the DPA, domestic partners are

> entitled to *certain* rights and benefits that are accorded to married
> couples under the laws of New Jersey  including: statutory
> protection through the "Law Against Discrimination," . . . against
> various forms of discrimination based on domestic partnership
> status, such as employment, housing and credit discrimination;
> visitation rights for a hospitalized domestic partner and the right to
> make medical or legal decisions for an incapacitated partner; and
> an additional exemption from the personal income tax and the
> transfer inheritance tax on the same basis as a spouse.

<u>N.J.S.A.</u> § 26:8A-3(d) (emphasis added).  This provision of the DPA specifies various rights and

benefits, but the right to bring a loss of consortium claim is not among the enumerated rights.

Though the use of the word "including" directly before the listed rights indicates that the list is

not exclusive, it also does not provide this Court with any meaningful basis upon which to

conclude that the right to pursue a loss of consortium cause of action is implicit.  The DPA's

legislative history confirms the New Jersey Legislature's intent to provide only limited rights and

protections under the DPA and not all of those available to married persons: "the bill recognizes

that while individuals in domestic partnerships share some of the same emotional and financial

bonds and other indicia of interdependence as married couples, domestic partnership is a status

distinct from marriage."  State of New Jersey Assembly Appropriations Comm. Statement to

Assembly on No. 3743, L. 2003 c. 246 (Dec. 11, 2003), *reprinted in* <u>N.J.S.A.</u> § 26:8A-1,

annotations. The subsequent broadening of rights available to same-sex couples by the enactment

of the civil union statute - which expressly identifies the right to bring a loss of consortium claim

- underscores the limited scope of "certain rights and benefits" afforded by the DPA.  So, too,

does the New Jersey Supreme Court's analysis of the DPA, which in its evaluation, failed to

provide same-sex couples with a panoply of rights and privileges to which their similarly-situated

heterosexual counterparts are entitled.  <u>Lewis v. Harris</u>, 188 N.J. 415, 448-49 (2006).

Two, Plaintiffs' loss of consortium claim is not cognizable under the DPA because, even

if the statute could be interpreted to include the right to bring this cause of action, the subject

incident pre-dates both the Plaintiffs' registration as domestic partners and the effective date of

the DPA itself.  Ms. Brigando sustained the litigated injury on June 17, 2004.  The DPA became

effective on July 10, 2004, and Plaintiffs did not become domestic partners until March 2005.

Plaintiffs have provided the Court with no controlling authority stating that the DPA must be

given retroactive effect.  <u>Cf.</u> <u>Landgraf v. USI Film Prods.</u>, 511 U.S. 244, 265 (1994) (discussing

presumption against retroactivity as canon of statutory construction); <u>Gibbons v. Gibbons</u>, 86

N.J. 515, 521 (1981) (stating that New Jersey courts "have long followed a general rule of

statutory construction that favors prospective application of statutes").

The Court cannot grant Ms. Binder relief on the loss of consortium claim she pleads in

the Third Count of the Complaint.  Defendant's motion to dismiss the claim pursuant to Federal

Rule of Civil Procedure 12(c) must be granted.

7

**III.    CONCLUSION**

For the foregoing reasons, this Court grants Defendants' motion to dismiss and dismisses the Third Count of the Complaint with prejudice.  An appropriate form of order will be filed together with this Opinion.

____ s/ Stanley R. Chesler ____
STANLEY R. CHESLER
United States District Judge

DATED: October 23, 2007