Stacey P. Rappaport
973-549-7379
stacey.rappaport@dbr.com

August 18, 2008

VIA ELECTRONIC FILING

Honorable Michael A. Shipp
Martin Luther King Jr. Federal
Building & US Courthouse
MLK 2C
50 Walnut Street
Newark, New Jersey  07102

Re:    Brigando v. Walt Disney World Co., et al.
       Civil Action. No. 06-1191 (SRC)

Dear Magistrate Shipp:

We represent Walt Disney World Hospitality & Recreation Corporation ("HRC") in this case, and we respectfully submit this letter in opposition to plaintiff's discovery motion, returnable on September 2, 2008.  For the most part, we believe that much of plaintiff's motion is moot, as we provided supplemental responses to plaintiff's November 30, 2007 Notice to Produce moments before plaintiff's counsel filed this motion and have since provided additional information.  To be clear, HRC continues to maintain that the information provided is, in some cases, duplicative of previously produced items and, in other cases, completely irrelevant to plaintiff's claim in this case (although, more than three years after plaintiff filed this suit, we are still not sure what plaintiff believes was defective about the ride).  Nevertheless, we have provided the information in an effect to end this seemingly endless fishing expedition, remove any and all possible pretext for plaintiff's failure (after three years) to identify the alleged defect in the ride, and serve a liability expert report.

In her motion, plaintiff seeks five items, namely: 1) Maximo down time printouts; 2) technical manuals; 3) VDT system printouts; 4) on-line training manual regarding accident reporting; and 5) certain other "Splash Manuals."  HRC provided down time information for the ride before plaintiff filed her motion and provided a second copy of those reports (dated March 3, 2004 – September 3, 2004) again this morning.  As we have explained to plaintiff's counsel, there was no down time for the ride on June17, 2004 (the date of plaintiff's alleged incident) and there are no actual, individual down time records for the ride.  Moreover, even if HRC were able to recreate down time records, they would contain the same information that is provided in the reports already produced.  The only information that would be contained on the individual records that is not contained on the summary reports is the actual time of day of the down time.  As previously mentioned, the ride was not shut down on the date of plaintiff's alleged incident, so this information is irrelevant in any event.

Honorable Michael A. Shipp, U.S.D.J.
August 18, 2008
Page 2


Plaintiff seeks various "manuals" which pertain, in any respect, to the ride.  When plaintiff's counsel realized that many of the manuals pertain to the animation and audio aspects of the ride (and therefore do not even arguably have any relevance to this case), plaintiff's counsel narrowed his request to a smaller subset of manuals.  Before plaintiff filed this motion, HRC committed to produce certain of those manuals (including those numbered 5, 6, 7 and 9 on the manual description list we provided) and has since done so.  This morning, we received from HRC the balance of the manuals plaintiff has requested.  Like the animation and audio manuals previously mentioned, these manuals (certain of which plaintiff requested for the first time in her motion) are completely irrelevant to any design defect claim which plaintiff could possibly make in this case.  Moreover, they contain proprietary information.  We are happy to provide these manuals to the Court for *in camera* review.

In her motion, for the first time, plaintiff requests "Print out from VDT system – Apex System printouts showing ride down time."  In her November 30, 2007 Notice to Product (which is the subject of plaintiff's motion), however, plaintiff requested "Printout for VDT 01/01/04 – 12/31/04."  In response to the Notice to Produce, we advised that "HRC is not familiar with the term "VDT System" and asked plaintiff's counsel to clarify the request.  He did not do so until he filed this motion.  In any event, HRC does not maintain these voluminous printouts (which reflect both normal and abnormal operation of the ride) and, as previously stated, HRC has already provided downtime reports for the ride and, as these reports demonstrate, there was no down time for the ride on the date of plaintiff's alleged incident.

Lastly, plaintiff seeks an "On-Line Training Manual for Accident Reporting." There was no such manual in June 2004.

For all of the foregoing reasons, we respectfully request the Court to deny plaintiff's discovery motion and order plaintiff to produce her liability expert report by a date certain in the very near future.


Respectfully submitted,

/s/ Stacey P. Rappaport
Stacey P. Rappaport


Encl.
cc:     Adam Rothenberg, Esq.


FP01/ 3197935.1